No. 11,214.

WILEY v. BAUMGARDNER ET AL.

CONTRACT.—*Restraint of Trade.*—*Public Policy.*—A contract in restraint of trade is void, if the restraint be unreasonable, and this question is one of law for the court to determine, and the contract will be supportéd or avoided on grounds of public policy.

SAME.—*Protection of Party.*—All restraint of trade beyond that necessary to protect the party contracting therefor is void as injurious to the public.

SAME.—*Limitation of Time.*—*Territory.*—*Trade Secret.*—Where one engaged in business sells his stock or his business and good-will with a limitation upon the restraint as to time, but none as to territory, the restriction is void, and a contract preventing one from carrying on his calling anywhere is unreasonable. Where the subject-matter of contract is a trade secret, this rule has been held not to apply.

SAME.—*Divisible . Contract.*—Where the contract is for a reasonable and limited space, and is also extended to an unlimited or an unreasonable space, it is divisible, and the limited restriction may be enforced.

SAME.—*Good-Will.*—W., being engaged in business, sold to B. his stock of dry goods and assigned the insurance thereon, and transferred his lease of the premises occupied, and contracted not to engage in the dry goods business for a term of five years from date of contract. B. purchased additional stock and continued the business on the same premises. W., within the time limited, resumed business in the same town. In a suit by B. for damages,

*Held*, that the contract in restraint of trade was against public policy and void.

*Held*, also, that it was immaterial whether the contract expressed in terms, a sale of the good-will of the business, or of the business itself.

From the Wells Circuit Court.

*J. S. Dailey* and *L. Mock*, for appellant.

*J. Morris* and *T. W. Wilson*, for appellees.

BLACK, C.—The complaint, in an action brought by the appellees against the appellant, consisted of a number of paragraphs, to all of which except the third demurrers were sustained. A demurrer to the third paragraph for want of sufficient facts was overruled. This ruling alone is assigned as error.

The action was upon a contract in writing, by which the appellant sold to the appellees the former's entire stock of dry goods, boots and shoes, merchandise and fixtures in his store in Bluffton, at cost, less a certain per cent., and agreed to transfer to them his lease on the building occupied by him for his store-room, and his unexpired insurance on said stock, and agreed " not to engage in the dry goods business for a term of five years from " the date of the agreement, being the 29th of December, 1881, the appellees agreeing on their part, by way of payment, to transfer to the appellant a certain farm, which was to represent the sum of $6,000, to execute to him their promissory note for $1,000, and for the balance to execute their promissory notes, secured by mortgage on certain lands of one of the appellees. And it was agreed by all the parties that " for the faithful performance of the above contract, we hereby bind ourselves to each other in the sum of $1,000, liquidated damages."

It was alleged that the appellees intending to engage in the dry goods business in said town, the contract was entered into by them and the appellant for such purpose ; that immediately after the purchase the appellees engaged in said business in said town, and that they were still continuing the same. The breach alleged was that in September, 1882, the appellant purchased a large stock of dry goods, of the value of $10,000, and with them opened a dry goods store in said town, within a few doors of the place of business of the appellees, and engaged in the dry goods business in said town, and still continued the same ; that during the time he had been thus engaged in business, he had sold a large amount of dry goods in said town, the amount of $10,000, thereby taking away from the appellees said trade, to their damage $1,500, for which they demanded judgment.

The only question to be decided is whether the agreement in restraint of trade was valid.

A contract in restraint of trade is void, if the restraint be

unreasonable, and the question as to the reasonableness of the restriction is one of law, to be determined by the court; and the contract is supported or avoided on grounds of public policy. " Whatever restraint is larger than the necessary protection of the party with whom the contract is made, is unreasonable and void, as being injurious to the interests of the public, on the ground of public policy." *Mallan* v. *May*, 11 M. & W. 653, quoting from *Horner* v. *Graves*, 7 Bing. 735. See, also, *Beard* v. *Dennis*, 6 Ind. 200; *Harrison* v. *Lockhart*, 25 Ind. 112; Whart. Cont., section 433, and authorities there cited.

In the contract now before us, the transaction was not expressed as a sale of the good-will of the business, or as a sale of the business. But it would have made no difference if there had been an express sale of the good-will. Where a person carrying on any business sells his stock in trade, or his business and his good-will, and in the transaction agrees not to carry on the same business, with a limitation upon the restraint as to time but none as to space, the agreement as to such restraint is wholly void.

This must be so if the test be that the contract is to be supported or avoided on the ground of public policy. If it be prejudicial to the public interest for a citizen to be debarred from pursuing anywhere the calling in which he has acquired skill or proficiency, or to encourage the establishment of monopolies by preventing competition, it must be so for definite as well as for indefinite periods of time. A contract that would put it in the power of one party to prevent the other from carrying on his calling anywhere whatever is unreasonable.

PARKE, B., in *Ward* v. *Byrne*, 5 M. & W. 548, said: "When a general restriction, limited only as to *time*, is imposed, the public are altogether losers, for that time, of the services of the individual, and do not derive any benefit whatever in return; and looking at the authorities cited upon this subject, it does not appear that there is one clear authority in favor of

a total restriction on trade, limited only as to time." All the judges concurred.

*Whittaker* v. *Howe*, 3 Beav. 383, it is said by Mr. Benjamin (Benj. Sales, section 525), " has been practically over-ruled in the later cases; " and *Rousillon* v. *Rousillon*, L. R., 14 Ch. D. 351, is distinguished in Wharton on Contracts, section 430, *et seq.*, and notes, as involving a question of breach of trust.

A restraint unlimited as to space has been held not unreasonable where the subject-matter of the contract was a trade secret. *Leather Cloth Co.* v. *Lorsont*, L. R., 9 Eq. Cas. 345.

Where the restraint is applied in the contract to a limited and reasonable space, and also extended to an unlimited or unreasonable space, the contract may be held to be divisible, and the restriction as to the reasonable limits expressed may be enforced; as a covenant not to enter into the manufacture of matches in St. Louis or any other place for five years was held valid as to St. Louis. *Peltz* v. *Eichele*, 62 Mo. 171. See, also, *Mallan* v. *May, supra; Nicholls* v. *Stretton*, 10 Q. B. 346.

The restraint in the case at bar can not be enforced. The question whether the sum in which the contract purported to bind the parties for faithful performance should be regarded as liquidated damages or as a penalty, is not before us and is immaterial.

The judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be reversed, at the costs of the appellees, with instruction to sustain the demurrer to the third paragraph of the complaint.

Filed May 8, 1884. Petition for rehearing overruled Sept. 25, 1884.