JAMES FREDERICK *v.* PROFESSIONAL BUILDING MAINTENANCE INDUSTRIES, INC.

[No. 3-474A56. Filed April 8, 1976.]

*Duane W. Hartman, Glenn J. Tabor, Blachly, Tabor, Bozik & Hartman,* of Valparaiso, for appellant.

*Herbert K. Douglas, Douglas, Douglas & Douglas,* of Valparaiso, for appellee.

GARRARD, J.—In 1967, appellee (PBM) employed appellant Frederick as a management trainee in PBM's contract cleaning and maintenance business. In 1972, Frederick resigned. When he then sought to engage in the contract maintenance

business on a part time basis, PBM brought this action to enforce a covenant against competition. The trial court enjoined Frederick, and he appeals. The issue is whether the covenant given by Frederick is enforceable. It reads as follows:

"James Frederick . . . hereby covenants . . . that he will not engage in contract building maintenance business, including, but not limited to, janitorial services, window cleaning, floor cleaning, commercial or residential cleaning, either as a sole proprietor, partner, or agent or employee of a corporation or other business organization in the following localities:

The counties of Lake, Porter, La Porte and St. Joseph in Indiana; the counties of Will and Cook, in Illinois, except Chicago; and the counties of Berrien and Van Buren in Michigan.

This covenant shall extend for a period of ten years from the date of termination of the undersigned's employment. . . ."

Such covenants are in restraint of trade and are not favored by the law. However, they will be enforced if they are reasonable with respect to the covenantee, the covenantor and the public interest. This determination must be made upon the basis of the facts and circumstances surrounding each case. It depends upon a consideration of the legitimate interests of the covenantee which might be protected, and the protection granted by the covenant in terms of time, space, and the types of conduct or activity prohibited. *Donahue* v. *Permacel Tape Corp.* (1955), 234 Ind. 398, 127 N.E.2d 235.

While the burden of proving the facts and circumstances that may justify relief rests with the party seeking to enforce the covenant, the ultimate determination of whether the covenant is reasonable is a question of law for the courts. *Donahue, supra; Wiley* v. *Baumgardner* (1884), 97 Ind. 66; *Struever* v. *Monitor Coach Co., Inc.* (1973), 156 Ind. App. 6, 294 N.E.2d 654.

In addition, if the covenant as written is not reasonable, the courts may not enforce a reasonable restriction under the

guise of interpretation, since this would amount to the court subjecting the parties to an agreement they had not made.[1] *Donahue, supra; Wiley, supra.*

In the case now before us, the evidence disclosed that Frederick was employed by PBM at a management level. Through his employment, Frederick acquired skills related to the performance of the janitorial services provided by PBM and to the technique of surveying a proposed job and computing a competitive profitable bid. However, as pointed out in *Donahue*, the potential use by a former employee of merely the skill and ability he has acquired will not justify a restraint.

Frederick also was privy to bidding and cost analysis information which PBM considered confidential. While there was no evidence that this information was novel or unique to PBM so as to constitute a trade secret, it is apparent that it might be utilized in an effort to undercut PBM's bids to its customers. Furthermore, Frederick acquired through his employ the advantage of personal acquaintance with the representatives of PBM's customers in the area where he worked.

In *Wiley* the Supreme Court stated that whatever restraint is larger than the necessary protection of the party for whose benefit the covenant is given, is unreasonable and void.

In *Donahue* the court reaffirmed this position but stressed the necessity of considering the effect of the restraint upon

---

1. A narrow qualification was recognized in *Miller* v. *Frankfort Bottle Gas, Inc.* (1964), 136 Ind. App. 456, 202 N.E.2d 395, and *Ebbeskotte* v. *Tyler* (1957), 127 Ind. App. 433, 142 N.E.2d 905, where the court enforced as reasonable narrowly drawn restrictions which constituted a self contained covenant in one paragraph of the agreement, without considering broad restrictions contained in other paragraphs of the agreement. The authority of these cases is questionable and must be restricted to the facts there appearing since the court premised its broad statement of the law upon the proposition that covenants indefinite as to time were not inherently defective despite the Supreme Court's statement to the contrary in *Permacel* and *Wiley. See, also, Struever* v. *Monitor Coach Co., Inc., supra.*

the convenantee and the public as well. The point that was being underscored in *Donahue* is that reasonableness is to be determined upon the totality of the circumstances. It is the interrelation of the considerations of protectible interest, time, space, and proscribed activity that make a particular covenant reasonable or unreasonable. This is true even though in a given case the breadth of a single restriction may appear to dominate the outcome.

Here the proscribed activity was limited to furnishing *contract* maintenance services in any capacity.

The evidence disclosed that PBM conducted its operations in the eight counties enumerated in the covenant. However, it was not established that Frederick worked in all eight counties. Unfortunately no one was questioned as to precisely what counties he worked in although it was generally established that during his training period, he worked in Lake County, Indiana, and thereafter was in charge of operations in Porter County, Indiana. Under *Donahue* the covenant restraining him from engaging in the contract maintenance business was unreasonable in prohibiting activity in counties where he had not worked to the extent that PBM's protectible interest consisted of having provided Frederick with his acquaintance with its customers and potential customers.

No evidence was introduced bearing directly upon the reasonableness of the covenant's ten year term. Thus, our consideration of the effect of the term is limited to whatever inferences of reasonable duration we may draw from the nature of the protectible interests PBM was shown to possess.

Bringing these factors together, it appears that Frederick was to be restrained from acting not only as a proprietor but also as an employee in furnishing janitorial services by contract. The geographic area of restriction was more broad than the area in which he worked. He was not in possession of any trade secrets, but did have pricing information which

in the immediate short term might enable him to undercut PBM. On this basis, he was to be restrained for ten years. Such a restraint is unreasonable, and the covenant is therefore void.

Reversed.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 344 N.E.2d 299.