WATERFIELD MORTGAGE COMPANY, INC. *v.* VINCENT E. O'CON-NOR, RICHARD A. ROSENTHAL, ST. JOSEPH BANK & TRUST COMPANY AND ST. JOSEPH MORTGAGE COMPANY.

[No. 3-1074A175. Filed April 20, 1977.]

*Edward N. Kalamaros, Edward N. Kalamaros & Associates,* of South Bend, *Howard L. Chapman, Bonahoom, Chapman & McNellis,* of Fort Wayne, for appellant.

*Gerald A. Kamm, Doran, Manion, Boynton & Kamm,* of South Bend, for appellees.

HOFFMAN, J.—Plaintiff-appellant Waterfield Mortgage Company, Inc. (Waterfield) appeals from the trial court's entry of summary judgment in favor of defendants-appellees arising from a restrictive covenant in an employment contract. On December 23, 1970, Waterfield and appellee Vincent E. O'Connor entered into an employment agreement, effective January 1, 1971, which provided, in part, as follows:

"6. The parties agree that the Employer (including subsidiary, or affiliated corporations, or corporations in which the Employer has a controlling interest) is engaged in the mortgage banking business, in the making of mortgage loans on its own behalf, and as agent or broker for other lenders, and in the business of lending money generally, and is also actively engaged in the business of buying and selling, developing, and otherwise dealing in real estate and interests in real estate. The parties further agree that the Employer is actively engaged in its business as aforesaid, or now contemplates such activity in the near future, throughout the States of Indiana, Illinois, Ohio, Michigan and Kentucky. The parties further agree that the nature of the employment contemplated will give the Employee access to the books and records of the Employer, to the names and addresses of its customers and principals, and to the names and addresses of investors with whom it deals, and to other information which is confidential in nature, all of which would be harmful to the Employer if the same were to be divulged or become known to any competitor of the Employer, or to any other person outside the employ of the Employer, or if the Employee were to represent or be employed by any competitor of the Employer, or in competition with the Employer, or were to engage in such competition on his own behalf. As a part of the consideration for the execution of this Agreement, and to induce the Employer to employ the Employee, and to continue such employment, subject to the terms hereof, the Employee agrees that he will not, either directly or indirectly, in any manner engage in any employment or business or any activity whatsoever which may be directly or indirectly in competition with the business or affairs of the Employer. Without limiting the generality of the foregoing, the Employee agrees that he will not engage in the mortgage banking or lending business, either on his own behalf or on the behalf of any bank, insurance company, or other person, firm, association, or corporation, other than for the benefit

of the Employer. It is expressly agreed that the restrictions contained in this paragraph as to the activities of the Employee shall continue and be effective during the term of employment hereunder, and for a period of two (2) years following termination of employment for any reason, after which time said restrictions shall expire. The restrictions herein contained upon the activities of the Employee following termination of employment shall further be limited to activities within the States of Indiana, Ohio, Illinois, Michigan, and Kentucky; provided, that if said restrictive provisions shall not be enforceable for any reason in any of said States, that such fact shall in no way affect the validity or enforceability of such provisions in any of the other States above mentioned. ***

"7. The Employee agrees that he will not at any time communicate, divulge or disclose for the use of himself or any other person, partnership, corporation or firm any information or knowledge disclosed or otherwise obtained by him during his employment by the Employer which the latter may reasonably consider to be confidential, or in the nature of a business or trade secret. ***."

On May 31, 1972, O'Connor terminated his employment with appellant and was subsequently employed by the remaining appellees. Waterfield filed its complaint seeking injunctive relief and damages. On January 9, 1974, appellees filed their motion for summary judgment which was subsequently ganted. Thereafter, appellant's motion to correct errors was overruled and this appeal was perfected.

Appellant contends that there are genuine issues of material fact surrounding the reasonableness of the spatial limitation in the noncompetition covenant.

In reviewing the propriety of a summary judgment, the materials on file are to be construed in favor of the opponent of the motion, and any doubt as to the existence of a genuine issue of material fact must be resolved against the proponent of the motion. *Collins* v. *Dunifon* (1975), 163 Ind. App. 201, 323 N.E.2d 264. The burden is upon the proponent to demonstrate the absence of any genuine issue of material fact and that he is entitled

to a judgment as a matter of law. *Podgorny* v. *Great Central Insurance Co.* (1974), 160 Ind. App. 244, 311 N.E.2d 640; *Doe* v. *Barnett* (1969), 145 Ind. App. 542, 251 N.E.2d 688 (transfer denied). Thus the proponent must set forth sufficient facts to enable the trial court to make a decision on the legal issue presented. *Askew* v. *Hargrave* (1971), 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196; Part 2, 6 Moore's Federal Practice. § 56.16, at 56-661 to 56-663 (2d Ed. 1976).

Covenants such as the one here at issue are in restraint of trade and not favored by the law. They will be enforced, however, where the restraint is reasonably necessary to protect the employer's business, not unreasonably restrictive of the employee and not against the public interest. *Grand Union Tea Company* v. *Walker* (1935), 208 Ind. 245, 195 N.E. 277. And, "[w]hile the burden of proving the facts and circumstances that may justify relief rests with the party seeking to enforce the covenant, the ultimate determination of whether the covenant is reasonable is a question of law for the courts." *Frederick* v. *Professional Bldg. Main. Indus., Inc.* (1976), 168 Ind. App. 647, 344 N.E.2d 299, at 301.

Reasonableness of the covenant being a question of law, its resolution must invariably rest on adequate facts. And, where the resolution of a question of law by the court depends upon an inquiry into the surrounding facts and circumstances, summary judgment should not be granted until the facts and circumstances have been sufficiently developed to enable the court to decide with reasonable certainty that it is making a correct determination of the law. *American Mfrs. M. I. Co.* v. *American Broadcasting-Para. Th.* (2d Cir. 1967), 388 F.2d 272, 280; *Local U. No. 1423, Glaziers, Etc.* v. *P.P.G. Industries, Inc.* (N.D. Ind. 1974), 378 F. Supp. 991, 1000.

It is asserted that the covenant in the case at bar is void because it extends to areas beyond which the company car-

ried on its business.[1] The affidavit of Vincent E. O'Connor stated that Waterfield "did not do business in the entire state of Indiana, but on the contrary only had offices in the cities of Fort Wayne, Indianapolis, Kokomo, Lafayette and South Bend." An examination of this affidavit, however, does not indicate the scope of Waterfield's business throughout the State. What the affidavit indicates is the location of the offices of Waterfield. But, the location of the offices does not necessarily circumscribe the parameters of Waterfield's business activity. The reasonable inference to be drawn from the affidavit in favor of the party opposing summary judgment is that O'Connor himself is inferring that Waterfield did not do business in the entire State of Indiana because of the fact its offices are located in certain specific cities. In any event, the record is wholly inadequate on the extent of Waterfield's business activity. Without establishing the extent of Waterfield's business activity throughout the State, it cannot be determined whether the restriction is unreasonable.

Additionally, the employment agreement contemplated an extension of business activity "in the near future" throughout Indiana. O'Connor's affidavit does not contradict this when it states that prior agreements had limited the geographical area of restriction to certain counties in Indiana. The affidavit of Joel K. Bravick, president of Waterfield, however, is not clear on the issue. While it does state that Waterfield did not expect its business to be limited to those areas where its offices are located, and that O'Connor regularly participated in meetings involving the company's planned operations, it also

---

1. Where the language of a covenant can be separated into parts so that the restrictions apply to a limited and reasonable space and also to an unlimited and unreasonable space, the contract may be held to be divisible, and the reasonable restrictions therein enforced. *Welcome Wagon, Inc.* v. *Haschert* (1955), 125 Ind. App. 503, 127 N.E.2d 103. In their brief, appellees admit that the employment agreement is divisible as to the States mentioned and confine their argument to the State of Indiana.

states that plaintiff hoped to obtain business anywhere in the State where it could be found.

In view of this record, the appellees cannot be said to have carried their burden of demonstrating the absence of any material issue of fact and that they were entitled to judgment as a matter of law. The evidence presented was insufficient to clarify all the factual problems attendant upon the resolution of the legal issue involved.

It was also asserted that the covenant was unreasonable because the proscribed area was more broad than the area in which the employee worked.

The contract in the case at bar stated that O'Connor was privy to confidential information.

The affidavit of Vincent E. O'Connor does not state whether he was privy to any confidential information but rather stated that he had not solicited any of Waterfield's customers and used only the skills he had acquired before and after his employment with Waterfield.

In attempting to apply the rules of law to resolve the legal issue presented, we are again confronted with problems of factual clarity. In *Donahue* v. *Permacel Tape Corp.* (1955), 234 Ind. 398, 127 N.E.2d 235, our Supreme Court observed that covenants in restraint of trade are enforceable if reasonable. In determining the question of reasonableness *Donahue* recognized three factors: 1) whether the covenant is more broad than is necessary for the protection of the covenantee in some legitimate interest; 2) the effect of the promise upon the convenantor; and, 3) the effect upon the public. *See generally,* Annot., 43 A.L.R. 2d 94 (1955).

Thus, where an employee is not privy to confidential information, a covenant restricting his employment beyond

the area of his former employment is unreasonable. However, if an employee obtained confidential information, he may be restricted in the competitive use and disclosure of such information to the full extent of the employer's business which is thereby affected.

In the case at bar, the appellees have not shown whether O'Connor was privy to confidential information or of what the information consisted. It therefore cannot be determined whether the geographical restriction was reasonable.

In view of the record, summary judgment was too blunt an instrument for resolution of the legal questions presented in the case at bar. The facts are not sufficiently developed to enable the court to determine the law with reasonable certainty. Accordingly, the appellees failed to meet their burden on the motion for summary judgment.

The judgment of the trial court is therefore reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 361 N.E.2d 924.