Luciano C. RAYMUNDO,
Defendant-Appellant,

v.

HAMMOND CLINIC ASSOCIATION,
Plaintiff-Appellee.

No. 3–978A246.

Court of Appeals of Indiana,
Third District.

May 29, 1980.

Fred M. Cuppy, Gerald K. Hrebec and George W. Carberry, Merrillville, for defendant-appellant.

Robert F. Peters, Lucas, Clifford & Holcomb, Merrillville, for plaintiff-appellee.

GARRARD, Presiding Judge.

Appellant, Dr. Luciano C. Raymundo, appeals from the trial court's entry of summary judgment in favor of appellee, the Hammond Clinic Association, arising from a non-competition covenant in a partnership agreement.

The agreement entered into on December 31, 1974 provided in part as follows:

"D. In the event that any member of the Association, other than a member who receives 100% of the compensation paid to a full Partner, shall withdraw from the Association as provided for in this Article, then and in that event said Party covenants and agrees that he shall not, for a period of two (2) years from the effective date of his withdrawal from the Association, carry on or engage directly or indirectly in the practice of medicine within a 25-mile radius of the City of Hammond, Indiana, provided, however, that said 25-mile radius shall be confined to the State of Indiana and the cities of Calumet City and Lansing, Illinois.

\* \* \* \* \* \*

6. In the event that the Second Party shall violate the provisions contained in Paragraph D of Article XVI of the Articles of Association of the Hammond Clinic, as set forth in Supplemental Agreement No. 20, then and in that event the Parties agree that the Second Party shall pay to the First Party as liquidated damages for the breach of said provisions the sum of Twenty-five Thousand Dollars ($25,000.00) if the breach occurs during the first twelve (12) months of the two (2) year period and the sum of Fifteen Thousand Dollars ($15,000.00) if the breach occurs during the second twelve (12) months of the two (2) year period."

In July 1974, Dr. Raymundo, who was not a member that received 100% of the compensation paid to a full partner, withdrew from the clinic and immediately began engaging in the solo practice of orthopedic medicine in Munster, Indiana, a city within the restricted area. The clinic brought this action seeking injunctive relief, damages of $25,000 and an accounting. Dr. Raymundo answered the complaint by asserting that the covenant was unenforceable as against public policy and in restraint of trade and that the liquidated damages clause was unenforceable as a penalty. He also moved to dismiss as moot the clinic's complaint for injunctive relief because the two year restriction had expired during pendency of the suit. The clinic filed a motion for summary judgment on the issue of Dr. Raymundo's liability for liquidated damages because of the breach of the non-competition covenant. Both motions were granted. The trial court entered final judgment in favor of the clinic for the breach of the covenant and awarded $25,000 damages. The remaining issues were scheduled for trial.

Raymundo appeals from the judgment in favor of the clinic[1] contending that there were genuine issues of material fact concerning the validity of the liquidated damages clause and the non-competition covenant. We agree and reverse.

■ Dr. Raymundo contends that the liquidated damages claim was a penalty and thus unenforceable. As a general rule, where the nature of the contract is such that upon a breach thereof the resulting damage will be uncertain and difficult of proof and the amount of damages fixed by the parties is not greatly disproportionate

---

1. The clinic does not challenge the correctness of the denial of injunctive relief.

to the loss likely to be occasioned by the breach, the sum fixed will be considered as liquidated damages and not as a penalty. *Lettellier v. Abilene Flour Mills Co.* (1935), 101 Ind.App. 20, 198 N.E. 111; *Dowd v. Andrews* (1922), 77 Ind.App. 627, 134 N.E. 294; *Walker v. Bement* (1911), 50 Ind.App. 645, 94 N.E. 339; *Beiser v. Kerr* (1939), 107 Ind.App. 1, 20 N.E.2d 666; *Tudor v. Beath* (1921), 76 Ind.App. 526, 131 N.E. 848.

As was stated in *Lettellier v. Abilene Flour Mills Co.* (1935), 101 Ind.App. 20, 27, 198 N.E. 111, 114:

"The courts formerly seemed quite strong in their views and would seldom admit that there was ever a valid contract providing for liquidated damages. Their tendency was to construe such language as a penalty, so that nothing but actual damages sustained by the party aggrieved could be recovered. They are now more tolerant of such provisions, and are strongly inclined to let parties make their own contracts, and carry out their own intentions, even when it results in the recovery of an amount stated as liquidated damages, upon proof of the violation of the contract and without proof of damages actually sustained. *United States v. Bethlehem Steel Co.* (1907), 205 U.S. 105, 27 S.Ct. 450, 51 L.Ed. 731."

■■ Contracts not to engage in a particular business or profession belong to that class of cases which is adapted to stipulation for liquidated damages because it is often practically impossible to fix the exact amount of damages resulting from a breach of the agreement. *Beiser v. Kerr* (1939), 107 Ind.App. 1, 20 N.E.2d 666. A stipulation in such a contract is construed to be an agreement for liquidated damages rather than a penalty in the absence of any evidence to show that the amount of damages claimed is unreasonable. *Duffy v. Shockey* (1858), 11 Ind. 70; *Beiser v. Kerr, supra.* In the case at hand, there is no evidence to show that the amount specified in the contract was unreasonable or grossly disproportionate to the amount of actual damages suffered. It is uncontradicted that during the final six and one half months of Dr.

Raymundo's association with the clinic he had brought in over $103,000.00 in gross revenues.

■ However, regardless of the enforceability of a liquidated damages clause, the clinic's ability to recover damages depends upon the validity of the non-competition agreement. If that covenant is void, the clinic is not entitled to any recovery for its breach. Dr. Raymundo argues that there are genuine issues of material fact surrounding the reasonableness of the geographic limitation in the non-competition covenant.

■ Non-competition covenants are in restraint of trade and are not favored by the law. They are enforceable only when the restraint is reasonably necessary to protect the covenantee, not unreasonably restrictive of the covenantor and not against the public interest. *Donahue v. Permacel Tape Corp.* (1955), 234 Ind. 398, 127 N.E.2d 235; *Grand Union Tea Co. v. Walker* (1935), 208 Ind. 245, 195 N.E. 277; *Waterfield Mortgage Co., Inc. v. O'Connor* (1977), Ind. App., 361 N.E.2d 924; *Frederick v. Professional Building Main. Indus. Inc.* (1976), Ind. App., 344 N.E.2d 299.

■ The determination of the reasonableness of the covenant is a question of law for the court but it must be made upon the basis of the facts and circumstances surrounding each case. It depends upon a consideration of the legitimate interests of the covenantee which might be protected and the protection granted by the covenant in terms of time, space and the types of activity or conduct prohibited. *Frederick v. Professional Building Main. Indus. Inc.* (1976), Ind.App., 344 N.E.2d 299. The burden of proving the facts and circumstances which may justify relief rests with the party seeking to enforce the covenant. *Waterfield Mortgage Co., Inc. v. O'Connor* (1977), Ind.App., 361 N.E.2d 924; *Frederick, supra.*

■ It is now well settled that if the restraint is greater than necessary to protect the covenantee, the contract is invalid. Thus, where trade secrets are not involved, a covenant which seeks to protect from

competition an area greater than the area of the covenantor's business activities is unreasonable and unenforceable. Furthermore, a covenant which would restrict the covenantee beyond the area of his employment or prior operation is unenforceable notwithstanding the fact that the covenantor's business covers a much greater area. *Donahue v. Permacel Tape Corp.* (1955), 234 Ind. 398, 127 N.E.2d 235; *Wiley v. Baumgardner* (1884), 97 Ind. 66; *Frederick, supra.*

The covenant in question seeks to restrict Dr. Raymundo from practicing medicine within a 25 mile radius of Hammond, Indiana except those areas outside the State of Indiana but including two Illinois cities. Dr. Raymundo's affidavit states that the clinic does not render substantial medical services to patients throughout the 25 mile area in that it does not serve the Gary-Merrillville area. The clinic, on the other hand, has stated that the clinic has a geographical service area which includes all areas within a twenty-five mile radius of Hammond within the state and additionally the cities of Calumet City and Lansing, Illinois, and that it renders substantial medical services to patients throughout all of this geographical area. Dr. Raymundo's area of practice was stated to be the same as the service area of the clinic. The clinic submitted to the trial court a computer printout of the names and addresses of its patients to establish its service area.

 Upon review of a grant of summary judgment, this court must decide if there is any genuine issue of material fact and whether the law was correctly applied. The burden is upon the moving party to establish that there are no material facts in issue and any doubt as to the existence of a genuine issue must be resolved against the moving party. For the purpose of determining the propriety of a summary judgment, the facts set forth in the non-moving party's affidavits are taken as true and the material on file is to be liberally construed in his favor. *LaFrenz v. Lake County Fair Board* (1977), Ind.App., 360 N.E.2d 605; *Waterfield Mortgage Co. Inc. v. O'Connor*

(1977), Ind.App., 361 N.E.2d 924; *Podgorny v. Great Central Insurance Co.* (1974), 160 Ind.App. 244, 311 N.E.2d 640. The trial court may not weigh or judge the credibility of the evidence before it. *Mayhew v. Deister* (1969), 144 Ind.App. 111, 244 N.E.2d 448.

 Although the determination of the reasonableness of the covenant is a question of law, its resolution must be based on the facts and circumstances of the particular case. Here there is a dispute as to the facts which are material to the reasonableness determination. The trial court was not entitled to resolve the dispute by weighing the evidence before it. It was required to accept Dr. Raymundo's affidavit as true and resolve any doubts as to the existence of a genuine issue in his favor. Inasmuch as the geographical area of the clinic's service is material to the resolution of the reasonableness determination and the parties are in disagreement as to such area's scope, the trial court erred in finding that no genuine issue of material fact existed.

We must, therefore, reverse the judgment and remand this case for further proceedings. In doing so, we do not decide other issues raised by Dr. Raymundo.

Reversed and remanded.

HOFFMAN and CHIPMAN, JJ. (sitting by designation), concur.