ROSS CLINIC, INC., an Indiana Corporation, Appellant (Plaintiff Below),

v.

Napoleon C. TABION, Appellee (Defendant Below).

No. 3-1179A316.

Court of Appeals of Indiana, Third District.

April 16, 1981.
Rehearing Denied May 22, 1981.

Robert F. Peters, Lucas, Clifford & Holcomb, Merrillville, for appellant.

George W. Carberry, Thomas, Burke, Dyerly & Cuppy, Merrillville, for appellee.

HOFFMAN, Presiding Judge.

On June 7, 1974 Dr. Napoleon Tabion, the defendant herein, entered into a one-year employment contract with Ross Clinic, Inc. of Merrillville, Indiana. Pursuant to the terms of the contract, Dr. Tabion began working on or about July 1, 1974. Difficulties soon arose and on October 16, 1974, Dr. Tabion gave written notice of the termination of his employment agreement. He ceased working for the Clinic in January of 1975 and in February, he joined another medical group in Munster, Indiana. This litigation was initiated by Ross Clinic to recover damages from Dr. Tabion for his alleged violation of the restrictive covenant and the liquidated damages provisions of his employment contract. These contractual restrictions read:

"16. *MEDICAL PRACTICE RESTRICTION.*

In the event that this Agreement is terminated by action of Doctor prior to the termination of this Agreement, or in the event that Doctor is offered a contract of employment, being one that would continue from year to year, which is declined by Doctor, a sum of $25,000.00 will be due and payable to the Clinic as liquidated damages in the event that Doctor engages in the practice of medicine in Lake County, Indiana, within the first year of the date of the termination of this Agreement. In the event that Doctor engages in the practice of medicine in Lake County, Indiana, within the second year after the date of termination, the sum of $12,-500.00 will be due and payable to the Clinic as liquidated damages."

Following a trial before the court and a six-member jury, judgment was entered for the defendant and against the plaintiff. The defendant was also permitted to recover his costs and charges from the plaintiff.

Ross Clinic now brings this appeal, alleging numerous errors in the trial court's management of this case. The first two assignments of error both challenge the court's failure to decide or instruct the jury on the legality of the restrictive covenant and the liquidated damages clause. The appellant maintains that these are both purely questions of law for the court and should not be presented as issues to the jury. In reviewing a restrictive covenant, the Indiana Supreme Court has established the following standards:

" 'It is everywhere agreed that in order to be valid a promise imposing a restraint in trade or occupation must be reasonable. The question of reasonableness is for the court, not the jury; and in considering what is reasonable, regard must be paid to (a) the question whether the promise is wider than is necessary for the protection of the covenantee in some legitimate interest, (b) the effect of the promise upon the covenantor, and (c) the effect upon the public. . . .' "
*Donahue v. Permacel Tape Corp.* (1955), 234 Ind. 398, at 408, 127 N.E.2d 235, at 239.

The length of time and the geographical area which are covered by the covenant can be decisive factors in the determination of reasonableness. The courts of this state have consistently held that "the *ultimate* determination of whether a covenant is reasonable is a question of law for the courts." *Frederick v. Professional Bldg. Maintenance* (1976), 168 Ind.App. 647, at 648, 344 N.E.2d 299, at 301.

In support of its contention that the trial court erred in failing to decide this issue, the appellant cites *Waterfield Mortg. Co. v. O'Connor et al.* (1977), 172 Ind.App. 673, 361 N.E.2d 924, in which this Court reversed a summary judgment granted in favor of the employee for the alleged breach of a restrictive covenant. While it is true that the *Waterfield* decision gives basic support to the plaintiff's position, the Court also stated:

> "Reasonableness of the covenant being a question of law, *its resolution must invariably rest on adequate facts.* And, where the resolution of a question of law by the court depends upon an inquiry into the surrounding facts and circumstances, summary judgment should not be granted until the facts and circumstances have been sufficiently developed to enable the court to decide with reasonable certainty that it is making a correct determination of the law. *American Mfrs. M. I. Co. v. American Broadcasting-Para. Th.* (2d Cir. 1967), 388 F.2d 272, 280; *Local U. No. 1423, Glaziers, Etc. v. P. P. G. Industries, Inc.* (N.D.Ind.1974), 378 F.Supp. 991, 1000." (Emphasis added.) 361 N.E.2d at 926.

When a question of law rests on certain factual determinations, the court will be unable to render a decision on the legal issues until the factual determinations have been developed and resolved.

For this reason, the plaintiff's allegation of error on this issue must fail. A dispute in facts existed which precluded the court from making its decision on the legality of the covenant. The dispute concerned the reasonableness of the geographical area covered by the covenant. The plaintiff presented evidence, including a computer printout representing the geographical distribution of all patient accounts, which tended to show that the Ross Clinic service area included all of Lake County and, therefore, the covenant was reasonably intended to protect the Clinic's business. To the contrary, the defendant testified that he treated no more than ten patients from Ross Clinic at his new office. The defendant's evidence also tended to prove that less than 2% of the patients residing east of Cline Avenue, in the Ross Clinic service area, would cross over the imaginary boundary line at Cline Avenue and go to the west side of the county for treatment. The determination of the correct service area for Ross Clinic was a matter properly left for the jury's consideration. Therefore, no reversible error existed in the court's failure to decide the legality of the covenant and remove it from the jury's contemplation.

The interrelationship of legal and factual issues presented in this case places particular emphasis on the instructions to the jury.[1] The appropriate course of action for a trial court confronted with this situation is discussed in *Winney v. Board of Com'rs of Cty. of Vigo* (1977), Ind.App. 369 N.E.2d 661, at 663–664.

> "Certainly, if a claim presents only questions of law and presents no questions of fact, there will be no function for a jury. But issues of law which are properly left only to the court may be contained within a particular claim which also presents issues of fact.... In either case, issues of law within a claim for relief will be determined by the court, either by a separate decision or by instructions to the jury."

A very similar factual situation was presented to this Court in the case of *Raymundo v. Hammond Clinic Ass'n* (1980),

---

1. In the present case, the jury was inadequately instructed on the enforceability of the restrictive covenant. However, a failure by both parties to tender the proper instructions removes this issue from our review.

Ind.App., 405 N.E.2d 65. The summary judgment entered by the trial court in favor of the clinic was reversed on appeal.

"The determination of the reasonableness of the covenant is *a question of law for the court but it must be made upon the basis of the facts and circumstances surrounding each case.* It depends upon a consideration of the legitimate interests of the covenantee which might be protected and the protection granted by the covenant in terms of time, space and the types of activity or conduct prohibited. *Frederick v. Professional Building Main. Indus. Inc.* (1976), Ind.App. [168 Ind.App. 647], 344 N.E.2d 299. The burden of proving the facts and circumstances which may justify relief rests with the party seeking to enforce the covenant. *Waterfield Mortgage Co., Inc. v. O'Connor* (1977) [172 Ind.App. 673], 361 N.E.2d 924; *Frederick, supra.*

"It is now well settled that if the restraint is greater than necessary to protect the covenantee, the contract is invalid. Thus, where trade secrets are not involved, a covenant which seeks to protect from competition an area greater than the area of the covenantor's business activities is unreasonable and unenforceable. Furthermore, a covenant which would restrict the covenantee beyond the area of his employment or prior operation is unenforceable notwithstanding the fact that the covenantor's business covers a much greater area. *Donahue v. Permacel Tape Corp.* (1955), 234 Ind. 398, 127 N.E.2d 235; *Wiley v. Baumgardner* (1884), 97 Ind. 66; *Frederick, supra.*

"The covenant in question seeks to restrict Dr. Raymundo from practicing medicine within a 25 mile radius of Hammond, Indiana except those areas outside the State of Indiana but including two Illinois cities. Dr. Raymundo's affidavit states that the clinic does not render substantial medical services to patients throughout the 25 mile area in that it does not serve the Gary-Merrillville area. The clinic, on the other hand, has stated that the clinic has a geographical service area which includes all areas within a twenty-five mile radius of Hammond within the state and additionally the cities of Calumet City and Lansing, Illinois, and that it renders substantial medical services to patients throughout all of this geographical area. Dr. Raymundo's area of practice was stated to be the same as the service area of the clinic. The clinic submitted to the trial court a computer printout of the names and addresses of its patients to establish its service area.

\* \* \* \* \* \*

"*Although the determination of the reasonableness of the covenant is a question of law, its resolution must be based on the facts and circumstances of the particular case. Here there is a dispute as to the facts which are material to the reasonableness determination. The trial court was not entitled to resolve the dispute by weighing the evidence before it.*" 405 N.E.2d at 68–69.

No error was created by the trial court's refusal to summarily decide the legal and factual questions presented in this case. The factual conflict here also justifies the denial of plaintiff's motion for judgment on the evidence.

■ The plaintiff next contests the admission into evidence of Resolution No. 71–2 as adopted by the House of Delegates of the Indiana State Medical Association. The appellant argues that this evidence has no relevance to the issues before the jury and serves only to improperly prejudice the jury against the Clinic. The appellant's argument is correct. Although the court permitted the jury to hear other evidence which was not relevant to the factual questions before the jury, this particular item of evidence could be of such significance as to unduly influence the jury's decision.

■ The defendant attempts to explain the admission of this evidence by arguing that it is relevant to the issues of public policy and violation of the restraint of trade statute. Even assuming the resolution is relevant to these issues, the evidence still should not have been presented to the jury

since these issues are not for its consideration. As stated in *Franklin Fire Ins. Co. v. Noll* (1945), 115 Ind.App. 289, at 296, 58 N.E.2d 947, at 950, public policy is not a question of fact.

> " 'Whether or not a contract is against public policy is a question of law for the court to determine from all of the circumstances in a particular case. The courts will keep in mind the principle that it is to the best interest of the public that persons should not be unnecessarily restricted in their freedom of contract and that their agreements are not to be held void as against public policy, unless they are clearly contrary to what the Constitution, the Legislature, or the judiciary have declared to be the public policy, or unless they clearly tend to the injury of the public in some way.' "

Similarly, the question of whether an agreement is in violation of the restraint of trade statute is a question of law for the court. *Knight & Jillson Co. v. Miller* (1909), 172 Ind. 27, 87 N.E. 823; *Wiley v. Baumgardner et al.* (1884), 97 Ind. 66. The defendant also argues that the resolution was properly admitted as valid rebuttal evidence against the plaintiff's case on the restraint of trade issue. As stated above, this issue is properly decided by the court, not the jury, and, therefore, no evidence, either direct or rebuttal, should be presented to the jury on this matter. Thus, the admission of the resolution into evidence constitutes reversible error.

 For remand, one additional issue must be discussed concerning the doctrine of frustration of purpose. The court instructed the jury on this doctrine so that the jury could properly determine whether or not the defendant's failure to perform had been validly excused. Authority for this instruction was based on *Kruse, Kruse & Miklosko et al. v. Beedy, Extr. et al.* (1976), 170 Ind.App. 373, 353 N.E.2d 514. It is essential to note that the doctrine of frustration of purpose was not specifically adopted by this Court in the *Kruse* case. It was discussed as one of the issues presented in that matter; however, research reveals that in no other cases have the courts of this state specifically adopted that doctrine and made it a part of Indiana law. The proper defense to a contract action has been long established and was set forth in *Krause v. Board, etc.* (1904), 162 Ind. 278, at 283–284, 70 N.E. 264, at 265:

> "We regard it as thoroughly settled that the words of a mere general covenant will not be construed as an undertaking to answer for a subsequent event, happening without the fault of the covenantor, which renders *performance of the covenant itself not merely difficult or relatively impossible*, but absolutely impossible, owing to the act of God, the act of the law, or the loss or destruction of the subject-matter of the contract. Where performance is thus rendered impossible, the inquiry naturally arises as to whether there was a purpose to covenant against such an extraordinary and therefore presumably unapprehended event, the happening of which it was not within the power of the covenantor to prevent. The tempest, for instance, may destroy that which must exist if performance of the covenant is to remain possible, and it would seem evident in such a case that it was not within the contemplation of the parties that the maker of the covenant should answer in damages for what he could in no wise control. But, on the other hand, a person entering into a charter party might be answerable for delay caused by adverse winds, since it would be presumed that the parties contracted with such a possibility in mind."

Thus, it was error for the court to instruct the jury on the doctrine of frustration of purpose.

Due to these errors, it is necessary to reverse and remand this cause to the trial court.

Reversed.

BUCHANAN, C. J., participating by designation, concurs.

GARRARD, J., concurs with opinion.

GARRARD, Judge, concurring.

I concur in the majority determination that the judgment must be reversed and the case remanded. I additionally agree with the analysis of the defense of "frustration of purpose" as a means separate from the defense of impossibility for excusing performance. The matters constituting the substance of that assertion are best left to the express agreement of the parties.

I cannot agree, however, that the court properly submitted the case to the jury without ruling or instructing upon the validity of the restrictive covenant. *See Winney v. Board of Comm'rs.* (1977), Ind.App., 369 N.E.2d 661.

For nearly a hundred years our courts have held that whether a restrictive covenant is reasonable and enforceable is a question of law to be determined by the court. *Wiley v. Baumgardner* (1884), 97 Ind. 66. *See also Donahue v. Permacel Tape Corp.* (1955), 234 Ind. 398, 127 N.E.2d 235. It is unnecessary to again recount the considerations bearing upon that determination. *See, e. g., Frederick v. Professional Bldg. Maint. Ind., Inc.* (1976), 168 Ind.App. 647, 344 N.E.2d 299.

It is, of course, true that in *Raymundo v. Hammond Clinic Ass'n.* (1980), Ind.App., 405 N.E.2d 65 we found it necessary to reverse a trial court's determination of reasonableness made on a summary judgment. The reason for that reversal arose from our interpretation of the summary judgment vehicle which precludes the court from weighing evidence and determining credibility issues in granting such a judgment. The demonstrated existence of relevant disputed factual issues which bore upon the reasonableness determination was reinforced by our general concern that where such issues are shown to exist, the ultimate determination is best made when the facts are fully developed through the adversary process rather than in a "trial by affidavit."

That defect was not present in the case we now examine. If the facts essential to determining the legal question of reasonableness were essentially undisputed the court should have ruled on the enforceability of the covenant and charged the jury on the remaining issues. If there were critical disputed facts upon whose resolution the question of law depended, then the jury should have been appropriately instructed that the covenant was enforceable or not depending upon their resolution of those facts.

It was reversible error to fail to advise the jury on the law question presented.

I therefore concur in the reversal.