**Todd A. BRUNNER, Appellant–Defendant Below,**

v.

**HAND INDUSTRIES, INC., Appellee–Plaintiff Below.**

No. 43A03–9207–CV–208.

Court of Appeals of Indiana,
Third District.

Nov. 16, 1992.

Robert W. Mysliwiec, Jones, Obenchain, Ford, Pankow & Lewis, South Bend, for appellant–defendant.

Stanley E. Pequignot, Jamelyn E. Casbon, Rockhill, Pinnick, Pequignot, Helm & Landis, Warsaw, for appellee-plaintiff.

STATON, Judge.

Todd Brunner appeals a judgment in favor of his former employer, Hand Industries, Inc. He presents us with the sole issue of whether the "New Employee Nondisclosure and Reimbursement Agreement" ("Agreement") contains an unenforceable anti-competition covenant.

We reverse.

Hand Industries is a Warsaw, Indiana company which performs polishing and finishing work on products supplied by orthopedic companies. On October 17, 1988, Brunner began his employment as a polisher at Hand Industries. As a condition of his employment, Brunner was required to execute an agreement which provided in pertinent part:

2.1 Employee and Hand acknowledge and agree that Hand has expended, and will expend, substantial sums of money in the training and/or future training of Employee to perform work and/or labor in metal finishing, polishing, and/or inspection of finished and/or polished products of Hand, through lack of productivity of Employee, breakage of parts by Employee, inadequate or improper finishing and/or polishing of products by Employee, and the employment of other employees of Hand to educate and train Employee to work in metal finishing, polishing, and/or inspection of finished and polished products of Hand, all of which expenses shall be absorbed by Hand, and none of which expenses (except as provided hereafter, and further except for the intentional acts of Employee) shall be paid by Employee.

2.2 In the event that:

(a) Employee should voluntarily terminate his or her employment with Hand, or Employee be terminated by Hand with cause; and,

(b) Such termination of employment occurs within three years of the date of Employee's employment with Hand; and,

(c) Employee accepts employment with any other person, firm, partnership, corporation, and/or business, or combinations thereof and which business is engaged in metal finishing, polishing, and/or inspection of finished and/or pol-

ished product services (all of which are hereafter in this agreement jointly and severally referred to as 'competing businesses'), and which 'competing business' has a manufacturing plant and/or office in Kosciusko County, Indiana; and,

(d) The employment by Employee with such 'competing business' occurs within three years from the date of Employee's commencement of employment with Hand; and,

(e) Employee's employment with such 'competing business' requires significant work and/or labor in metal finishing, polishing, and/or inspection of finished and/or polished products;

then Employee shall pay to Hand a portion of the training and educational expenses of Hand in training Employee in accordance with the schedule of reimbursement set forth in paragraph 2.3 hereof.

2.3 Schedule of Reimbursement Payments Due to Hand from Employee Pursuant to Paragraph 2.2:

| Duration of Employment of Employee with Hand | | Payment Due Hand from Employee |
|---|---|---|
| (a) | Less than 2 months | $ 2,200.00 |
| (b) | More than 2 months but less than 4 months | $ 3,600.00 |
| (c) | More than 4 months but less than 6 months | $ 5,000.00 |
| (d) | More than 6 months but less than 9 months | $ 6,500.00 |
| (e) | More than 9 months but less than 12 months | $ 8,000.00 |
| (f) | More than 12 months but less than 18 months | $12,000.00 |
| (g) | More than 18 months but less than 24 months | $16,000.00 |
| (h) | More than 24 months but less than 36 months | $20,000.00 |
| (i) | More than 36 months | $ 0.00 |

Record, pp. 9–10.

Brunner terminated his employment with Hand Industries on February 15, 1991 to accept employment as a polisher with Biomet, Hand Industries' competitor. On August 8, 1991, Hand Industries filed a complaint against Brunner seeking $20,000.00, interest and attorney fees. Brunner raised an affirmative defense of unenforceability and counterclaimed for unpaid wages. On March 31, 1991, the trial court granted both Hand Industries' claim and Brunner's counterclaim, providing a net recovery for Hand Industries in the amount of $19,796.00. This appeal ensued.

Covenants in restraint of trade in employment contracts must be highly scrutinized to determine if they reasonably protect the legitimate interest of the employer without unreasonably restricting the activities of the employee.[1] The question of reasonableness is one of law. *Seach v. Richards, Dieterle & Co.* (1982), Ind.App., 439 N.E.2d 208, 212. A covenant not to compete which is imposed upon an employee (as opposed to a covenant ancillary to the sale of a business) is the most suspect type of restriction. *Id.*

---

**1.** The reimbursement provision constitutes an anti-competition restraint rather than a uniform attempt to recoup legitimate training expenses because the provision is targeted *only* toward employees who work for a competitor after leaving Hand Industries. In all other cases, Hand Industries absorbs any training costs, regardless of the employees' length of employment, length of training period, level of productivity or reason for termination.

■ Although an employer has a protectible property interest in the good will of his business (including secret or confidential information), the same is not true regarding the general knowledge, information or skills gained by the employee in the course of his employment. *Donahue v. Permacel Tape Corporation* (1955), 234 Ind. 398, 410–11, 127 N.E.2d 235, 240. In *Donahue,* our supreme court cited approvingly the language of *Roy v. Bolduc* (1943) 140 Me. 103, 34 A.2d 479, 480, 149 A.L.R. 630, 632–633:

> "While an employer, under a proper restrictive agreement, can prevent a former employee from using his trade or business secrets, and other confidential knowledge gained in the course of the employment, and from enticing away old customers, he has no right to unnecessarily interfere with the employee's following any trade or calling for which he is fitted and from which he may earn his livelihood and he cannot preclude him from exercising the skill and general knowledge he has acquired or increased through experience or even instructions while in the employment. Public policy prohibits such undue restrictions upon an employee's liberty of action in his trade or calling."

234 Ind. at 411–12, 127 N.E.2d at 241.

Subsequent decisions of our supreme court and this court are in one accord:

> "[T]he potential use by a former employee of acquired knowledge, skill and information (except trade secrets and confidential information) will not justify a restraint." *Licocci v. Cardinal Associates, Inc.* (1983), Ind., 445 N.E.2d 556, 561, *reh. denied.*

> "He [the employer], however, is not entitled to protection from an employee's use of his knowledge, skill or general information acquired or increased through experience or even instructions while in the employment." *Captain and Co., Inc. v. Towne* (1980), Ind.App., 404 N.E.2d 1159, 1162.

"[I]t nevertheless appears such a covenant [preventing Slisz from using the general skills acquired during his employment] would unduly restrict the rights of a former employee where there has been no showing of confidential information, customer lists, or even the advantage of close customer contact with a 'pool' of Munzenreider patrons such as that involved in the salesmen route cases and suggested by the opinion in *Donahue v. Permacel Tape Corp., supra.*" *Slisz v. Munzenreider Corp.* (1980), Ind.App., 411 N.E.2d 700, 710, *reh. denied, trans. denied.*

"As a general rule, an employer is not entitled to protection from an employee's use of his knowledge, skill, or general information acquired or increased through experience or instruction while in the employment.... The question becomes whether Century is merely attempting to prevent Brummett from using the skill and knowledge common to an experienced recruiter." *Century Personnel, Inc. v. Brummett* (1986), Ind.App., 499 N.E.2d 1160, 1163.

"[A]s pointed out in *Donahue,* the potential use by a former employee of merely the skill and ability he has acquired will not justify a restraint." *Frederick v. Professional Building Maintenance Industries, Inc.* (1976), 168 Ind.App. 647, 649, 344 N.E.2d 299, 301.

■ Brunner received short term instruction in polishing and finishing techniques. Record, p. 142. The record contains no evidence that he possessed confidential information, customer lists or trade secrets.[2] Brunner was guaranteed neither a specific term of employment or degree of instruction relative to marketable skills. However, Hand Industries sought to impose upon Brunner a substantial cost for the use of his general knowledge and skills acquired in the course of his employment.

Pursuant to Section 2.3 of the Agreement, an employee (compensated at a rate ranging from $5.50 to $9.50 per hour)

---

**2.** Although the ultimate determination of reasonableness is a question of law for the courts, the burden of proving facts and circumstances that may justify relief rests with the party seeking to enforce the covenant. *Licocci, supra* at 561.

breaching the Agreement owes Hand Industries an amount ranging from $2,200.00 to $20,000.00. Record pp. 10, 85. Depending upon the timing of an employee's termination and commencement of employment with a competitor, the employee may be liable for an amount in excess of *all wages received*. Otherwise, the breaching employee is liable for an amount approximately equal to 1/2 to 2/3 of total wages received.

We conclude that the covenant here at issue unreasonably restricts the protectible interests of the employee and is unenforceable.

The judgment in favor of Hand Industries is reversed.[3]

GARRARD and CHEZEM, JJ., concur.

---

3. The judgment upon Brunner's counterclaim was not appealed. It is therefore not disturbed.