**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 21 2015, 6:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RICHARD L. RENNICK, JR.**
Wallace Law Firm
Covington, Indiana

ATTORNEY FOR APPELLEE:

**JON P. McCARTY**
Covington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SANDRA ELAINE LAPPIN, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 86A03-1407-PL-229 |
| | ) | |
| ANTHONY ALEX TIMMERMAN, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE WARREN CIRCUIT COURT
The Honorable John A. Rader, Judge
Cause No. 86C01-1306-PL-82

**January 21, 2015**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Sandra Lappin filed a complaint against Anthony Timmerman, Lappin's ex-husband, seeking an injunction to prohibit his participation in an HVAC business in violation of the parties' covenant not to compete. Timmerman filed a motion to dismiss Lappin's complaint, which was converted to a summary judgment motion following a hearing where both parties submitted evidence outside of the pleadings. The trial court issued an order granting Timmerman's motion to dismiss, which, on appeal, both parties treat as a grant of summary judgment in favor of Timmerman. Lappin presents a single issue for our review, namely, whether the trial court erred when it entered summary judgment in favor of Timmerman.

We reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

While they were married, the parties co-owned an HVAC business known as Tiny Tim's Tin Shop, LLC ("Tiny Tim's"). When the parties divorced in 2010, Timmerman sold his interest in Tiny Tim's to Lappin for $100,000. In addition, the parties' property settlement agreement, dated October 29, 2010, included the following provision:

> The husband agrees that he will not directly or indirectly sell or solicit HVAC sales and service business <u>or be, in any manner, engaged in the HVAC sales and service business, or related business</u>, within a radius of forty-five (45) miles from Covington, Indiana, for a period of three (3) years after the execution of this agreement. He further agrees that the customer files and types and amounts of service and sales by Tiny Tim's Tin Shop LLC, are trade secrets and will be kept secret by him for a period of three (3) years from the date of this agreement. Notwithstanding the provisions contained in this paragraph, the husband may perform HVAC work as part of his employment with a company as long as the company's primary line of business is not installing, servicing, selling[,] or maintaining HVAC systems.

Appellant's App. at 4 (emphasis added).

On June 24, 2013, Lappin filed a complaint against Timmerman seeking a temporary restraining order and preliminary and permanent injunctive relief. Lappin alleged that Timmerman had "directly or indirectly acquired an interest in and/or [was] employed by a heating and cooling entity in direct violation" of the covenant not to compete. Id. at 13. Timmerman filed a motion to dismiss for failure to state a claim upon which relief may be granted. Timmerman alleged that the parties' covenant not to compete was "unreasonable on its face and should not be enforced." Id. at 17. During a hearing on that motion in April 2014, Lappin submitted evidence outside the pleadings, which was not excluded by the court. And, at the conclusion of the hearing, the trial court took the matter under advisement and gave Timmerman two weeks to submit additional argument.

On June 4, 2014, the trial court issued an order granting Timmerman's motion to dismiss.[1] In particular, the trial court found that the parties' covenant not to compete is "reasonable as to geographical area and time but that it is not reasonable as to scope." Id. at 72. The trial court concluded that the covenant not to compete was unenforceable. Thus, the trial court entered summary judgment in favor of Timmerman. This appeal ensued.

---

[1] On appeal, the parties agree that Timmerman's motion to dismiss was converted to a summary judgment motion by operation of Trial Rule 12(B). And the record shows that the parties were given a reasonable opportunity to present all material made pertinent to such a motion. See T.R. 12(B).

3

**DISCUSSION AND DECISION**

Lappin contends that the trial court erred when it entered summary judgment in favor of Timmerman. Our supreme court recently reaffirmed our standard of review in summary judgment appeals:

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Williams v. Tharp, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)).
>
> * * *
>
> Summary judgment is a desirable tool to allow the trial court to dispose of cases where only legal issues exist. But it is also a "blunt . . . instrument" by which the non-prevailing party is prevented from having his day in court. We have therefore cautioned that summary judgment is not a summary trial and the Court of Appeals has often rightly observed that it is not appropriate merely because the non-movant appears unlikely to prevail at trial. In essence, Indiana consciously errs on the side of letting marginal cases proceed to trial on the merits, rather than risk short-circuiting meritorious claims.

Hughley v. State, 15 N.E.3d 1000, 1003-04 (Ind. 2014).

Here, the material facts are undisputed. Lappin paid Timmerman $100,000 for his interest in Tiny Tim's.[2] The parties' settlement agreement contains a covenant not to compete whereby Timmerman agreed that he would not "directly or indirectly sell or solicit HVAC sales and service business or be, in any manner, engaged in the HVAC sales and service business, or related business, within a radius of forty-five (45) miles

---

[2] For the first time on appeal, Timmerman contends that "nothing in the [property settlement] Agreement ascribes a value to Mr. Timmerman's interest in Tiny Tim's or states that the payment is a quid pro quo for the transfer, as opposed to being a settlement payment to equalize the division of [the] marital estate in general." Appellee's Br. at 2. But during the hearing before the trial court, Lappin testified that she paid Timmerman $100,000 for his interest in the business, and Timmerman did not present any evidence to contradict that testimony.

4

from Covington, Indiana, for a period of three (3) years after" October 29, 2010. Appellant's App. at 4. In approximately May 2013, Timmerman placed an advertisement for an HVAC company called Affordable Comfort on his truck. Affordable Comfort is an HVAC business owned by a friend of Timmerman's. And, also before the expiration of the covenant not to compete, Timmerman wrote two proposals for "heating and cooling work" on behalf of Affordable Comfort. Tr. at 8. The business address of Affordable Comfort is located in Covington, and the company does business in Covington.

Lappin contends that the trial court erred when it concluded that the covenant not to compete is unreasonable in scope and, therefore, unenforceable as a matter of law. Our supreme court set out the applicable law in Dicen v. New Sesco, Inc., 839 N.E.2d 684, 687-88 (Ind. 2005):

> Covenants not to compete are not favored in the law. Licocci v. Cardinal Assocs., Inc., 445 N.E.2d 556 (Ind. 1983). When reviewing covenants not to compete, Indiana courts have historically enforced reasonable restrictions, but struck unreasonable restrictions, granted they are divisible. Wiley v. Baumgardner, 97 Ind. 66, 69 (1884); Beard v. Dennis, 6 Ind. 200, 203-05 (1855); Bennett v. Carmichael Produce Co., 64 Ind. App. 341, 346-49, 115 N.E. 793, 795-96 (1917). . . .
>
> For a variety of reasons, covenants not to compete ancillary to the sale of a business stand in better stead. These reasons were aptly stated by a Massachusetts court in Alexander & Alexander, Inc. v. Danahy[, 488 N.E.2d 22, 28 (Mass. App. Ct. 1986)]:
>
>> In the former situation there is more likely to be equal bargaining power between the parties; the proceeds of the sale generally enable the seller to support himself temporarily without the immediate practical need to enter into competition with his former business; and a seller is usually paid a premium for agreeing not to compete with the buyer. Where the sale of the business includes good will . . . a broad

5

> noncompetition agreement may be necessary to assure that the buyer receives that which he purchased. . . . On the other hand, an ordinary employee typically has only his own labor or skills to sell and often is not in a position to bargain with his employer.
>
> Despite these differences, both employment covenants and sale of a business covenants are still reviewed under a reasonableness standard. Young v. Van Zandt, 449 N.E.2d 300, 304 (Ind. Ct. App. 1983). As a result, the policy considerations "dictate that noncompetition covenants arising out of the sale of a business be enforced more liberally than such covenants arising out of an employer-employee relationship." Alexander & Alexander, Inc., 488 N.E.2d at 28.
>
> . . . "Reasonableness is . . . measured in terms of time, space, and prohibited activity." Young, 449 N.E.2d at 304. The more liberal enforcement of sale of a business covenants means that they will be deemed reasonable when they are "limited to the area of business involved. . . ." Donahue v. Permacel Tape Corp., 234 Ind. 398, 405-06, 127 N.E.2d 235, 238 (1955).

(Emphasis added). The determination whether a covenant not to compete is reasonable is a question of law. MacGill v. Reid, 850 N.E.2d 926, 929 (Ind. Ct. App. 2006).

Here, because the parties' covenant arose out of the sale of their business, they had equal bargaining power, and we analyze the covenant using a more liberal approach. The trial court found that the parties' covenant not to compete is reasonable as to geographical area and time, but is not reasonable as to scope. In particular, the trial court found that the term "related business" as used in the covenant is undefined and could be construed to prohibit Timmerman from doing work in plumbing, electrical, or contracting. Appellant's App. at 70. But the trial court ignored the limiting language included in the covenant, which provides: "Notwithstanding the provisions contained in this paragraph, the husband may perform HVAC work as part of his employment with a company as long as the company's primary line of business is not installing, servicing, selling[,] or

maintaining HVAC systems." Id. at 4 (emphasis added). Again, our supreme court has held that a covenant not to compete ancillary to the sale of a business will be deemed reasonable when it is limited to the area of business involved. See Dicen, 839 N.E.2d at 688. Because the parties' covenant not to compete ancillary to the sale of their business is expressly limited to Timmerman's performing services for a company that is primarily an HVAC business, we hold that the covenant is reasonable as a matter of law. See id.

Further, even assuming for the sake of argument that the "or related business" element is unreasonably broad, the trial court could have implemented the blue pencil doctrine. As we explained in Coates v. Heat Wagons, Inc., 942 N.E.2d 905, 914-15 (Ind. Ct. App. 2011),

> [i]f a covenant is unreasonable as written, courts may not create a reasonable restriction under the guise of interpretation. Licocci v. Cardinal Assocs., Inc., 445 N.E.2d 556, 561 (Ind. 1983). However, where a provision of a restriction is unreasonable, the blue pencil doctrine permits courts to strike that provision from those which are reasonable if the unreasonable restrictions are divisible from the rest. Dicen v. New Sesco, Inc., 839 N.E.2d 684, 687 (Ind. 2005).

Accordingly, striking the words "or related business" from the parties' covenant not to compete would also render it reasonable and enforceable. The trial court erred when it entered summary judgment in favor of Timmerman.

Reversed and remanded for further proceedings.

MATHIAS, J., and BRADFORD, J., concur.