WELCOME WAGON, INC. *v.* HASCHERT.

[No. 18,667.   Filed June 10, 1955.]

*John E. Fell, G. Richard Ellis, Fell & Ellis, George E. Tobias,* all of Kokomo, *Russell J. Wildman, Cole, Wildman & Cole,* of Peru, and *Robert H. Stickley,* of Memphis, Tennessee (of counsel), for appellant.

*John Marshall* and *Marshall, Hillis & Hillis,* of Kokomo, for appellee.

CRUMPACKER, J.—The appellant is a corporation engaged in the advertising and sales promotion business in many cities in the United States including Kokomo, Indiana. Its plan and methods of operation are of its own conception and, although unprotected by patent or copyright, are novel and unique. It procures what it calls "sponsors" in the various cities in which it operates

who are business men engaged in diversified lines of merchandising or services. In each of said cities, in addition to its list of sponsors, it employs one or more "hostesses" whose duty it is to call upon brides, mothers of new-born babies and newly arrived residents of the community. They arrive in automobiles called "welcome wagons" and carry baskets containing certificates of welcome and congratulations from the mayor, Chamber of Commerce and various other civic organizations together with small gifts or gift certificates from the sponsors as good will offerings and as express or implied suggestions that said sponsors are good people with whom to trade in the future. The hostesses make monthly reports to the sponsors as to the number of calls made and the names and addresses of the families involved and for each of such calls the sponsors pay the appellant a commission of which the appellant pays the hostesses 50 percent.

The hostesses are selected by the appellant because of their pleasing personalities, graciousness, tact and intelligence and are sent to a company operated school in New York City where they are thoroughly trained in the appellant's methods of operation and furnished with various booklets dealing with the problems of the business, manner of approach to prospective customers and kindred subjects. The appellee is widely and favorably known in Kokomo because of her noteworthy services in connection with various civic activities and for that reason she was employed by the appellant in January, 1947, as a hostess detailed to the new-born baby division of the appellant's business in the Kokomo area in which capacity she served until September 20, 1952, when she resigned and went into the identical business for herself in Kokomo. Clause 9 of her contract of employment with the appellant provides that she, "will

not during the term of this employment, and for a period of five whole years thereafter, engage directly or indirectly, for herself or as a representative or employee of others, in the same kind or similar business as that engaged in by the Company, (1) in Kokomo, Ind., and/or (2) in any other city, town, borough, township, village or other place in the United States in which the Company is then rendering its said services, and/or (3) in any city, town, borough, township, village or other place in the United States in which it has been or has signified its intention to be engaged in rendering its said services."

Counting on the above provisions of the employment contract the appellant brought this suit to enjoin the appellee from continuing in said business in the city of Kokomo but was denied relief by the Miami Circuit Court where the case was tried. This appeal challenges such decision as being contrary to law.

It is undisputed that the appellee breached her contract of employment. After her resignation on September 20, 1952, she established an identical business of her own in Kokomo using the same methods and techniques taught her by the appellant and went so far as to persuade some of the appellant's sponsors to quit doing business with it and enter into similar contracts with her. The appellee contends however that her breach of contract is of no consequence because (1) there is no evidence in the record tending to prove great damage or irreparable injury to the appellant; (2) that the restrictive covenant involved is not reasonably necessary for the fair protection of the appellant's business; and (3) the sweeping terms of said restrictive stipulation makes it contrary to public policy and an undue curtailment of the appellee's liberty in choosing her own employment and therefore unreasonable and void.

The appellee's first contention, as above indicated, seems to be based on the fact that the record shows no dollars and cents damage suffered by the appellant and that its present business, after 18 months of competition with the appellee, is as prosperous as ever. This appeals to us as a fallacious argument as proof of the volume of the appellant's business in the event the appellee had remained in its employ or refrained from competition would be, of necessity, the purest speculation. The fact that the injury done by the breach of a restrictive covenant in a contract of employment cannot be measured in dollars and cents and compensated through an action at law, is a prime reason for enjoining its continuing breach. In our opinion irreparable injury need not be shown where, as here, the services of the employee have been of such character that she gained knowledge of her employer's special and particular business methods and the very purpose of the breach is to capitalize upon the use of such methods for her own benefit. *Matthew* v. *Barnes* (1926), 155 Tenn. 110, 293 S. W. 993; *Ideal Laundry Co.* v. *Gugliemone* (1930), 107 N. J. Eq. 108, 151 A. 617.

It is the general rule, to which Indiana adheres, that contracts between employer and employee in restraint of employment, where the restraint is reasonably necessary for the protection of the employer's business and not unreasonably restrictive upon the rights of the employee and not against public policy, are valid and injunctive relief will be extended to prevent their breach. *Grand Union Tea Company* v. *Walker* (1935), 208 Ind. 245, 195 N. E. 277, 88 A. L. R. 958. The appellee insists, however, that there is evidence in the record which justifies the conclusion that enforcement of the restrictive covenant here involved is not necessary for the protection of the appellant's business

and therefore the decision of the trial court cannot be disturbed. The evidence upon which the appellee relies in support of this contention is to the effect that the appellant now has as many sponsors in Kokomo as it ever had and its business there is as prosperous as it ever was. In our opinion this evidence is devoid of probative value in determining whether an injunction is reasonably necessary for the protection of the appellant's business as it assumes such business would not have grown even though free from appellee's competition.

The undisputed evidence indicates that the appellee was employed as a hostess because of her personal following and extensive acquaintance in the city of Kokomo where she is held in respect by all who know her. That she is a woman above average intelligence is attested by seven years' service with the American Red Cross, six years as a juvenile probation officer, extended employment with the Board of Children's Guardians of Howard County and four or five semesters of training in kindergarten work. With this background she was taught and made proficient in the appellant's particular and unique methods of sales promotion. To us the conclusion is inescapable that a covenant, with reasonable limits, against the competition of a woman of the appellee's character, reputation and experience was reasonably necessary for the protection of the appellant's business in Kokomo.

The appellee insists, however, that the employment restriction here involved is not confined to Kokomo but extends to all cities of the United States in which the appellant now operates, of which there are 1250, and to all communities in the country in which it has signified its intention of going into business. That no covenant of such breadth could possibly be

necessary to protect appellant's business against her competition and is grossly restrictive of her rights to gainful occupation. We could readily agree with the appellee were the interdicted territory one indivisible whole but the very language of the covenant under consideration clearly brings it within that line of cases in which the courts have held similar covenants divisible and that the restrictions as to the reasonable limits expressed therein should be upheld. *Bennett* v. *Carmichael Produce Co.* (1917), 64 Ind. App. 341, 115 N. E. 793; *Beard and Another* v. *Dennis* (1855), 6 Ind. 200; *Wiley* v. *Baumgardner* (1884), 97 Ind. 66.

We see nothing unreasonable in contracting against the appellee's engaging in a business the same or similar to that of the appellant for a period of five years within the corporate limits of the city of Kokomo where her personal acquaintance and following is substantial. It is our opinion that the undisputed evidence entitles the appellant to injunctive relief to the extent above indicated and, as the decision of the court denies such relief, it is contrary to law.

We see no reason for a new trial as all facts pertinent to the case have been made to appear fully. We therefore remand the matter to the Miami Circuit Court with instructions to vacate its present judgment and enter a decree enjoining the appellee from engaging, directly or indirectly, for herself or others, in the same or a similar business to that of the appellant within the corporate limits of the city of Kokomo, Indiana, for a period of five years from September 20, 1952.

NOTE.—Reported in 127 N. E. 2d 103.