WILLIAM P. STRUEVER *v.* MONITOR COACH CO., INC.

[No. 3-772A38. Filed April 9, 1973. Rehearing denied May 8, 1973.
Transfer denied September 24, 1973.]

*Franklin A. Morse, II, Roger W. Benko, Thornburg, McGill, Deahl, Harman, Carey & Murray,* of South Bend, for appellant.

*Robert J. Konopa, Crumpacker, May, Levy & Searer,* of South Bend, for appellee.

LYBROOK, J.—This is an appeal from an interlocutory order granting plaintiff-appellee's (Monitor's) application for a preliminary injunction against defendant-appellant (Struever). Monitor alleged a breach of a covenant not to compete contained in a contract between Struever and Monitor.

The evidence at the hearing showed that prior to August 28, 1970, Struever was President and a member of the board of directors of Action Industries, Inc. Action is primarily engaged in the manufacture and sale of recreational vehicles (travel trailers, truck campers and motor homes). Its home office is located in Elkhart, Indiana and its products are sold through 129 dealers in 29 States, primarily in the East and Midwest.

On August 28, 1970, Monitor contracted with the stockholders of Action, including Struever, to purchase all outstanding shares of Action stock. Included in the agreement was the following clause:

> "Stockholders covenant and agree, that for a period of three (3) years subsequent to the closing date, they will not in any manner whatsoever, directly or indirectly, compete or engage in a business which is in competition with the business of Action, *as Action's business is constituted on said closing date.*" (Our emphasis.)

On March 15, 1971, Struever and others organized Utopia Coach, Inc. Utopia is also engaged in the manufacture and sale of recreational vehicles and based in Elkhart. Struever is the President and chief executive officer of Utopia, as well as a shareholder and director.

The evidence further showed that the product lines of the two companies were similar, that both had participated in some of the same trade shows and that they shared five or six common dealers. Monitor also presented some evidence that Struever had solicited employees, suppliers and dealers of Monitor and was copying Monitor's products.

Following the hearing the trial court issued a preliminary injunction which reads in part:

"After hearing, and upon due consideration it is the order of this Court that the defendant, William P. Struever be, and he is hereby restrained and enjoined from any and all participation, directly or indirectly, in the management of the business and affairs of Utopia Coach Co., Inc., its successors and assigns; provided however, that the defendant is not required to dispose of his stock in said corporation nor is he restrained from participating in, or voting at, stockholder meetings of said corporation.

"The defendant is further restrained and enjoined from contacting any retail dealers of recreational vehicles in the United States for the purpose of promoting sales of Utopia Coach Co., Inc. products and from attending any recreational vehicle shows for said purpose.

"The defendant is further restrained and enjoined from contacting any suppliers of materials to Utopia Coach Co., Inc. concerning the business or affairs of said Corporation and from taking any salary or other compensation for services from said Corporation after the date of this order.

"The defendant is further restrained, from directly or indirectly acting as a consultant to Utopia Coach Co., Inc., its successors and assigns, concerning any phase of the management or affairs of said Corporation; all until further order of this Court."

The threshold issue here is the enforceability of the covenant not to compete. Struever maintains that the covenant is void because it contains no spatial limitations. Monitor contends that the spatial limitations are expressed by the phrase "as Action's business is now constituted on said closing date", with Action's dealer list.

It has long been the law in Indiana that a covenant not to compete containing no spatial limitations is void and unenforceable.

As the court held in *Wiley* v. *Baumgardner* (1884), 97 Ind. 66:

"A contract in restraint of trade is void, if the restraint be unreasonable, and the question as to the reasonableness of the restriction is one of law, *to be determined by the court;* and the contract is supported or avoided on grounds of public policy. 'Whatever restraint is

larger than the necessary protection of the party with whom the contract is made, is unreasonable and void, as being injurious to the interests of the public, on the ground of public policy' " (Our emphasis.)

\* \* \*

"Where a person carrying on any business sells his stock in trade, or his business and his good-will, and in the transaction agrees not to carry on the same business, with a limitation upon the restraint as to time but none as to space, the agreement as to such restraint is wholly void."

\* \* \*

"A contract that would put it in the power of one party to prevent the other from carrying on his calling anywhere whatever is unreasonable."

The above requirement of "reasonableness" has assumed increased importance in cases of this nature. In *Consumer's Oil Company* v. *Nunnemaker* (1895), 142 Ind. 560, 41 N.E. 1048, the court said:

". . . it is also a well established principle of law and public policy, that where a person is engaged in trading or other legitimate pursuits, he shall not be *unreasonably* fettered in the exercise of such business, and when he sells or disposes of the good will incident thereto, the law will only sustain such a restraint as to his future engagement in such business or pursuit, as will appear to be a *reasonable* space of interdicted territory, and what are such *reasonable* limits is a question of law for the court to determine under all the facts and circumstances in each particular case." (Our emphasis.)

See also *Milgram et al.* v. *Milgram* (1938), 105 Ind. App. 57, 12 N.E.2d 394 and *Donahue* v. *Permacel Tape Corp., infra.*

Furthermore, a covenant not to compete must be construed strictly against the covenantee.

". . . the rule is firmly established, with reason, that in determining the validity of a negative covenant in restraint of competition that such contracts are to be strictly construed against the covenantee, and the test of their validity is dependent not merely upon the covenant itself but upon the entire contract and the situation to which it is related." *Donahue v. Permacel Tape Corp.* (1955), 234 Ind. 398, 127 N.E.2d 235.

Monitor contends that confining the operation of the covenant to their list of 129 dealers in 29 states, is reasonable. However, there was no evidence defining the specific territories of the dealers. Thus, the clause "as Action's business is constituted on said closing date" is still vague and ambiguous even after being construed in light of that evidence.

In view of the above authorities, the covenant is not enforceable since it fails to specifically limit its operation geographically. As written it could apply to the entire world.

Even if Monitor's contention was correct, the preliminary injunction cannot stand because it contains no geographical limits whatsoever. The relief granted, therefore, exceeds even the so-called limitations of the covenant because the injunction flatly prohibits Struever from competing anywhere.

Therefore, the preliminary injunction issued herein is dissolved and this cause reversed and remanded for further proceedings not inconsistent herewith.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 294 N.E.2d 654.