4408, INC. *v.* MICHAEL LOSURE

[No. 3-377A66. Filed March 20, 1978.]

*Timothy W. Woods*, of South Bend, for appellant.

*Sanford M. Brook, Amaral and Brook*, of South Bend, for appellee.

STATON, P.J.—Michael Losure, a former employee of 4408, Inc., signed a covenant not to compete for three years after terminating his employment with 4408, Inc. A declaratory judgment of the trial court found the covenant unreasonably restrictive and unenforceable. Our review concludes that the covenant was reasonable and enforceable; we reverse.

I.

The Covenant

4408, Inc. does business as Coffee Break Systems, Inc. Coffee Break Systems is a coffee service which provides a number of

businesses in six Indiana counties[1] and one Michigan county[2] with coffee, cream, brewing equipment, and related items. In 1967 4408, Inc. hired Losure as a salesman. Losure worked as a salesman continuously until October, 1974, when he resigned because 4408, Inc. asked him to sign a covenant not to compete. Later, Losure returned to 4408, Inc. in January, 1975 as a salesman, and he signed the covenant not to compete. The covenant provides in pertinent part:

"NOW, THEREFORE, IT IS AGREED between the parties as follows:

"1.  During his employment with Coffee Break Systems and for a period of three (3) years after termination of employment, the Employee will not directly or indirectly own, manage, operate, control, particpate in, or be connected in any manner with the ownership, management, operation, or control of any business similar to the type of business conducted by Coffee Break Systems at the time of the termination of employment.

"2.  This agreement shall be binding on the Employee only in the areas of his past, present, and future employment with Coffee Break Systems.

"3.  The Employee acknowledges receipt of a fully executed copy of this agreement.

"IN WITNESS WHEREOF, the parties have executed this agreement the day and year first above written.

/s/ Mike K. Losure
'Employee'

4408, INC.

By /s/ John C. Seltenright, President
John C. Seltenright, President"

Losure became Sales Manager of 4408, Inc. in January, 1976, and he remained in that position until his resignation in September, 1976.

The concept of "reasonableness" has assumed increased importance in cases involving covenants not to compete. *Struever v.*

---

1.  Allen, Elkhart, Fulton, LaPorte, Marshall, and St. Joseph counties.

2.  Berrien County.

*Monitor Coach Co., Inc.* (1973), 156 Ind. App. 6, 294 N.E.2d 654. Such covenants will be enforced if reasonable. *Donahue v. Permacel Tape Corp.* (1955), 234 Ind. 398, 127 N.E.2d 235; *Waterfield Mortg. Co., Inc. v. O'Connor* (1977), 172 Ind. App. 673, 361 N.E.2d 924. In determining whether or not a covenant not to compete is reasonable, the court considers, in the circumstances of each case, the legitimate interests of the employer which might be protected by the covenant and the protection granted by the covenant in terms of time, space, and the types of activity proscribed. *Frederick v. Professional Bldg. Main. Indus., Inc.* (1976), 168 Ind. App. 647, 344 N.E.2d 299. Whether the covenant will be deemed enforceable depends upon the totality of these considerations. As we wrote in *Frederick:*

> "It is the interrelation of the considerations of protectible interest, time, space, and proscribed activity that make a particular covenant reasonable or unreasonable. This is true even though in a given case the breadth of a single restriction may appear to dominate the outcome."

344 N.E.2d at 302.

In our review of the present case, we must determine whether the trial court could have found the covenant not to compete unreasonable under any set of facts.

## II.

### Protectible Interest

By requiring all of its employees to sign covenants not to compete, 4408, Inc. sought to protect its "good will" which included: the names, addresses, and requirements of its customers, price information on them, and the advantageous familiarity and personal contact which the employees of 4408, Inc. derived from their dealings with its customers. 4408, Inc. contends that these are interests which may be protected by a covenant not to compete.

Our Supreme Court pointed out in *Donahue v. Permacel Tape Corp., supra,* that an employer is not entitled to protection from an employee's knowledge, skill or information (other than trade secrets or confidential information). The employee's potential use of that knowledge or skill will not justify a

restraint on competition. *Donahue, supra; Frederick, supra*. But the Court indicated in *Donahue* that an employer is entitled to protect certain property rights through such a covenant:

> "As an incident to his business the appellee (employer) was entitled to contract with regard to and thus protect the good will of his business. Elements of this good will included 'secret or confidential information,' such as the names and addresses and requirements of customers and the advantage acquired through representative contact with the trade in the area of their application. These are property rights which the employer is entitled to protect."

234 Ind. at 410-11, 127 N.E.2d at 240. In *Frederick*, this Court, in reviewing the circumstances surrounding another covenant not to compete, concluded that the former employee, Frederick, "acquired through his employ the advantage of personal acquaintance with the representatives of PBM's [employer's] customers in the area where he worked." *Frederick, supra,* 344 N.E.2d at 301.

Losure, as salesman and as Sales Manager for 4408, Inc. personally sold about seventy percent of the firm's accounts, or seven hundred accounts. Losure's duties as Sales Manager included soliciting new accounts, maintaining the old ones, and creating good will. In soliciting new accounts Losure would visit an office, determine the person in charge of acquiring such a service, and attempt to see that individual. Losure testified that it would be very important to have information before his visit as to who he should see. In addition, testimony revealed that Losure could remember the majority of the "contact people" at these businesses and the accounts that he successfully solicited in the last year of his employment with 4408, Inc. Losure contends that this familiarity with customers and their accounts is not an interest that would justify a restraint. We disagree. As stated in *Miller v. Frankfort Bottle Gas, Inc.* (1964), 136 Ind. App. 456, 202 N.E.2d 395:

> "[B]ut, most importantly, he had a personal relationship with the customers with whom he dealt. It was testified that there is no essential difference between the appellee's [employer's] product and that of its competitors, and that, as a result, the appellee depended on service for its customers.

"The customers dealt with the appellant [employee] directly. In fact, he was normally the only one in appellee's firm with whom they had a personal, face-to-face relationship. . . .

"The personal relationship between the appellant and the customers was evidently of sufficient strength to bring about the loss of several customers, although, according to testimony, customers apparently change from one bulk gas to another only rarely."

136 Ind. App. at 461-62, 202 N.E.2d at 398.

Similar to the situation presented in Miller, no essential difference in product existed between the coffee service of 4408, Inc. and its competitors. Further, Losure testified that there was also no difference in service among these firms. Hence, personal contact between salesman and customer would be important for the operation of a successful coffee service. Unlike the case in *Miller*, it was established at trial that offices which purchase coffee from a service switch from one service to another rather frequently. Competition in the business is keen: there are at least six or seven firms in the region which compete with 4408, Inc. for the same type of business, the same type of service, and the same type of coffee and equipment. Losure testified that eighty percent of the business in the last two years was taken from competitors. This intense competition in the coffee system business and the frequent changes in service would appear to justify, rather than discourage, the need for a covenant not to compete as reasonably necessary to protect a coffee service's business from unfair competition.

## III.

### Proscribed Activity

Under the terms of the covenant, Losure was restricted from participating, directly or indirectly, in the operation of a coffee service. The information and customer contact that Losure acquired during his employment would be advantageous to another coffee business. When we consider the nature of these protectible interests, we cannot say that the proscription of the covenant is broader than necessary to protect 4408, Inc.

## IV.

### Scope and Duration

The breadth of the time and space restrictions imposed by a covenant not to compete often appear to dominate the outcome in such cases. See *Donahue, supra*; *Frederick, supra*. But these terms must be considered in light of the facts and circumstances of each case. *Frederick, supra*.

Indiana courts have refused to enforce covenants not to compete which are not limited in their scope to the geographic area in which the employee has worked. In *Frederick, supra*, this Court considered the reasonableness of a competitive proscription which extended to eight counties for ten years. A major factor in our decision in *Frederick* to hold the agreement invalid as unreasonable was that it had not been established that the former employee had worked in all of these eight counties during his time with the employer's firm. The geographic restriction was thus broader than the area in which the employee had actually worked. In *Donahue, supra*, a former employee was barred by the covenant from competing with his former employer in the United States and Canada. Our Supreme Court ruled that the agreement was unreasonable because the employee's area of operation extended no further than northern Indiana. The covenant in *Struever v. Monitor Coach Co., Inc.* (1973), 156 Ind. App. 6, 294 N.E.2d 654, contained no geographic limits and could have applied to the entire world. Absent special circumstances, such as the employee's possession of trade secrets, a covenant not to compete which is broader in scope than the area of the employee's work will be deemed unenforceable. *Donahue, supra*; *Struever, supra*. See also *Waterfield Mortg. Co., Inc. v. O'Connor* (1977), 172 Ind. App. 673, 361 N.E.2d 924.

The covenant that Losure signed restricted him from competing in the coffee service business "only in the areas of his past, present, and future employment," for a period of three years after his termination. Protection of the business of 4408, Inc. and its good will requires an agreement which would encompass only those areas in which Losure had customer contact. The agreement in question was drafted in a way in which its scope would never exceed the

employee's area of work, and the term was reasonable in light of the interest sought to be protected. Losure contends that the geographic restriction is unreasonable in that it is unlimited with respect to the employee's area of operation. We disagree. Testimony at trial demonstrated that 4408, Inc. sought to enforce the covenant only in those counties where Losure had worked. We conclude the scope of the agreement reasonable. We further conclude that the time restriction of three years was not unreasonable or overly broad for protection of the good will of 4408, Inc.

## V.

## Conclusion

The covenant not to compete purported to bar Losure from selling coffee through a service in six Indiana counties and one Michigan county for a period of three years after his termination in September, 1976. He could sell coffee anywhere else in these states. Moreover, Losure was not restricted in using the sales techniques and general knowledge he acquired during his employment with 4408, Inc. Through the covenant 4408, Inc. attempted to protect its good will in a highly competitive business. Public policy does not condemn the covenant not to compete and barring Losure from selling coffee in these counties will not create a monopoly in 4408, Inc. The covenant is reasonable in duration, scope, and the interest it seeks to protect, and it appears reasonably necessary to protect the good will of 4408, Inc.

Losure's contention that the covenant was not ancillary to an employment contract and hence void, is without merit. The agreement to rehire him if he signed the covenant served as valid consideration for the covenant. See *Buanno v. Weinraub* (1948), 226 Ind. 557, 81 N.E.2d 600.

We reverse.

Hoffman, J. and Buchanan, J., (By designation), concur.

NOTE—Reported at 373 N.E.2d 899.