CAPTAIN AND COMPANY, INC.,
Appellant (Plaintiff Below),

v.

Henry TOWNE and Towne, Inc.,
Appellees (Defendants Below).

No. 3–1079A272.

Court of Appeals of Indiana,
Third District.

May 22, 1980.

Samuel S. Thompson, Roger W. Benko, Thornburg, McGill, Deahl, Harman, Carey & Murray, Elkhart, for appellant.

Terry C. Shewmaker and William J. Cohen, Slabaugh, Cosentino, Walker & Shewmaker, Elkhart, for appellees.

STATON, Judge.

Captain & Company, Inc. (Captain) filed an action against Henry Towne (Towne) and Towne, Inc., seeking injunctive and monetary relief. Captain claimed that Towne, a former employee, had breached a restrictive covenant in an employment contract between the two parties. After a hearing on Captain's motion for a preliminary injunction, the trial court entered its Opinion and Order denying the requested injunctive relief.

On appeal, Captain raises two issues for our consideration:

(1) Did the trial court abuse its discretion by relying upon an erroneous legal standard in denying Captain's motion for a preliminary injunction?

(2) Was the trial court's order denying Captain's motion for a preliminary injunction contrary to and not supported by the evidence?

We affirm.

The facts relevant to our disposition of this appeal indicate that Captain is a company which specializes in insurance cleanup work and reconstruction. Pursuant to a series of one-year contracts, it had employed Towne since 1974 in the capacities of cleaner, laborer, and then, part-time estimator. Most recently, it had employed Towne as one of several company estimators and manager of all, but the financial affairs, of the company.

Each of the one-year contracts, which had been presented to Towne by Captain on a "take-it-or-leave-it" basis, contained very similar provisions. The restrictive covenant in the 1978 contract provided:

"The Employee expressly agrees that if his employment by the Corporation is terminated by himself or by the Corporation for any reason whatsoever, then for a period of two (2) years from the date of such termination, the Employee will not directly or indirectly, render any services to or become employed by, or participate, or engage in or assist others to engage in any business which is competitive to the business of the Corporation in the areas

of insurance claim work, commercial building restoration and exterior building cleaning and air purification, within a fifty (50) mile radius of Elkhart, Indiana. . . . "

When Towne was presented with his 1979 one-year contract, he noted that its terms had been substantially altered from those of the prior contracts as well as from an understanding he had reached with Captain. He declined to sign the offered contract and subsequently tendered his resignation to Captain on June 11, 1979. As a favor to its owners, he continued to work until July 6, 1979. One week later, he began employment with Towne, Inc., a general contracting firm. At the time of the hearing, Towne, Inc. had been in business for six weeks. Its jobs, to that date, had involved insurance cleanup and reconstruction work.

■ Initially, we note that the granting or the refusal to grant a preliminary injunction is within the sound discretion of the trial court. We will not interfere with the exercise of that discretion unless there is a showing that the trial court clearly abused its discretion. *Peters v. Davidson, Inc.* (1977), Ind.App., 359 N.E.2d 556; *Elder v. City of Jeffersonville* (1975), 164 Ind.App. 422, 329 N.E.2d 654. In Indiana, an abuse of discretion has been defined as "an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Elder, supra*, at 657.

On appeal, Captain argues that the court abused its discretion when it utilized an incorrect legal standard in rendering its judgment. Relying on *Donahue v. Permacel Tape Corp.* (1955), 234 Ind. 398, 127 N.E.2d 235, the trial court held, in denying the motion for preliminary injunction, that:

"Thus, the acquisition of skill and information, excepting secret trades and confidential information, and the ability which a person has acquired, belong to the individual and cannot be taken from him and, thus, are not sufficient to justify imposing a restraint."

We agree with the court in its well-reasoned analysis and conclude that it did not abuse its discretion.

■ Restrictive covenants are in restraint of trade and, as such, are not favored by the law. *Frederick v. Professional Bldg. Main. Indus., Inc.* (1976), Ind.App., 344 N.E.2d 299. However, they will be enforced if the restraint is reasonable with respect to the parties involved and the public interest. *Unishops, Inc. v. May's Family Centers, Inc.* (1980), Ind.App., 399 N.E.2d 760; *Welcome Wagon v. Haschert* (1955), 125 Ind.App. 503, 127 N.E.2d 103. The question of reasonableness is one of law for the courts, to be determined by examining the circumstances and facts surrounding each case. *Frederick, supra*. In making a determination of reasonableness, the court will consider the interest of the employer which might be protected by the covenant and the protection granted in terms of time, space and the types of activity proscribed. *4408, Inc. v. Losure* (1978), Ind.App., 373 N.E.2d 899.

Defining Captain's protectible interest is of importance in determining whether the covenant in question is reasonable. Captain contends that Towne knows its procedures in getting sales, running job sites, working with insurance adjustors, and, most importantly, in estimating jobs. "This ability," Captain argues, "gives Towne the capacity to underbid and thereby take future jobs away from Captain."

The trial court, in its Opinion and Order, distinguished the protectible interest in the case at bar from that found in a number of Indiana cases involving employer-employee restrictive covenants. It said:

"However, in all the cases found thus far involving agreements not to compete, the types of activity sought to be enjoined were activities such as salesmen going into direct competition with the former employer for a known list of prospective business clients, the sale of a business involving manufacturing concerns in which the party was competing against his former employer and in general in-

volved cases in which the exact nature, kind and location of clientele were readily available at the time the employee commenced doing business in competition with his former employer."

"Here, the parties are competing for an unknown clientele in that none of the parties acquire any clients until such time as they experience a fire and are in need of construction and/or restoration work and cannot thus solicit clients, but must await the pleasure of the clients. Evidence further discloses in this case, that the knowledge and acquaintanceship which the defendant might have with representatives of the plaintiff's customers would be of no advantage to the defendant herein, inasmuch as the insurance companies would not become involved until they had been requested to do so at the instance of their own insured. Further, the defendant herein is not competing for existing customers of the plaintiff, but simply engaging in a similar business which involves both customers with insurance claims and customers without insurance claims. Thus, the defendant herein possesses no trade secrets, no customer lists, no additional information or ability to acquire customers than does the plaintiff or any other person or organization engaged in the same business and thus, enjoys no special advantage not possessed by the plaintiff."

■ An employer is entitled to protect such property rights as confidential information, good will and trade secrets through the use of a restrictive covenant. He can restrain an employee from utilizing the names, addresses and requirements of customers and from using the advantages acquired through contacts with representatives in the trade. *4408, Inc., supra.* He, however, is not entitled to protection from an employee's use of his knowledge, skill or general information acquired or increased through experience or even instructions while in the employment. *Donahue, supra,* at 241.

Captain is urging us to conclude that the restrictive covenant is reasonable. This we cannot do. When we examine the protectible interest at hand, we note that the only information which Towne had acquired was of a general nature.[1] The evidence did not reveal that Towne had "stolen" any customers. He was not in possession of any trade secrets or customer lists. Any advantages, acquired through prior contact with insurance adjustors, were minimal because of the nature of the insurance claim business.

■ In viewing Captain's interest in terms of time, space and the type of activity proscribed, we conclude that the covenant is unreasonable. Towne was restrained from participation in the areas of insurance claim work, commercial building restoration, exterior building cleaning and air purification within a 50-mile radius of Elkhart, Indiana, for a period of two years. While the activities proscribed and the 50-mile restriction were not overly broad, we conclude that the two year restraint was unreasonable in view of the nature of the protectible interest. The covenant is, therefore, void.

■ Finally, Captain claims that the decision of the trial court was contrary to and not supported by the evidence. Captain is appealing from a negative judgment, and, as such, we cannot consider its argument that the judgment is unsupported by the evidence. *Ernst v. Sparacino* (1978), Ind.App., 380 N.E.2d 1271. When a party is appealing a negative judgment, this Court is confined to one standard of review: only when the evidence is without conflict and leads to but one conclusion and the finder of fact reached a contrary conclusion will the decision be disturbed as being contrary to law. *Ernst, supra; Plumley v. Stanelle* (1974), 160 Ind.App. 271, 311 N.E.2d 626.

■ The evidence presented at trial was conflicting in that the parties viewed

Towne's responsibilities and his access to "confidential information" and "trade secrets" in differing lights. Since the evidence was in conflict, we need not consider further whether only one conclusion was justified. On appeal, we will not weigh the evidence. Neither will we judge the credibility of the witnesses. *Peters, supra.* We conclude that Captain has failed to demonstrate that the court's denial of its motion for a preliminary injunction was contrary to law.

Judgment affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.