**CENTURY PERSONNEL, INC.,**
**Plaintiff-Appellant,**

v.

**Roger BRUMMETT, Benjamin W. Brown,**
**Kent R. Grimes, and Resource Group,**
**Inc., Defendants-Appellees.**

No. 06A01–8605–CV–141.

Court of Appeals of Indiana,
First District.

Nov. 19, 1986.

Robert A. Garelick, William J. Rawls, Garelick, Cohen & Fishman, Indianapolis, for plaintiff-appellant.

Russell T. Clarke, Jr., Williams & Clarke Prof. Corp., Richard L. Brown, Butler, Brown & Blythe, David Truitt, Donaldson, Andreoli & Truitt, Indianapolis, for defendants-appellees.

## OPINION ON REHEARING

RATLIFF, Judge.

### STATEMENT OF THE CASE

Century Personnel, Inc., by interlocutory appeal, appeals the trial court's denial of its request for a preliminary injunction to enforce a restrictive covenant in an employment contract. We originally dismissed the appeal as moot. We now grant Century's petition for rehearing and affirm.

### FACTS

Century Personnel, Inc. (Century) and Resource Group, Inc. (Resource) are licensed employment agencies. Both Century and Resource operate as employer fee agencies, meaning they are paid a commission by an employer when they provide a job candidate which the employer hires. Roger Brummett is an experienced recruiter who was employed by Century in 1982. Brummett was not under contract and left Century's employ after approximately one year to work for a competitor. While working for the competitor, Brummett actively recruited other Century employees.

In May of 1983, Brummett returned to work for Century, and in October of that year entered into an employment contract with the agency. The contract contained a six month restrictive covenant which prevented Brummett from working for a competitor in Marion or surrounding counties. The terms of the contract were explained to Brummett and he initialled the paragraphs containing the restrictive covenant.

On January 20, 1986, Brummett left Century and began working as a manager for Resource. Benjamin W. Brown and Kent R. Grimes are the officers, directors, and shareholders of Resource. Resource rented a motel room in Frankfort in Clinton County, Indiana, just outside the prohibited area. Two phone lines were installed in the motel room and Brummett worked out of this room.

On January 24, 1986, Century filed a complaint for breach of an employment agreement, permanent injunction, damages, and tortious interference with contractual advantage. In addition, Century filed a motion for a temporary restraining order and request for a preliminary injunction. The TRO was issued which, omitting formal parts, states:

"IT IS FURTHER ORDERED for a period of ten (10) days after the date of this Order, namely until the 30th day of January, 1986, or such longer period as may be hereafter directed by this Court, pending the hearing and determination of Plaintiff's Motion for Preliminary Injunction, the Defendant, Brummett, and all those in active concert with him are hereby enjoined and restrained from directly

or indirectly owning, managing, operating, contracting, being employed by, participating in or being connected in any manner with any local, regional, or national employment agency including but not being limited to the Defendant, Resource Group, Inc., or any subsidiary or affiliated corporation from operating within the above referenced counties or accepting any position with any organization, firm, partnership, company or corporation operating within Marion, Boone, Hamilton, Hancock, Hendricks, Johnson, Morgan and Shelby counties."

Record at 26. The TRO was repeatedly extended by the parties' agreement, ultimately through March 12, 1986. On March 4, 1986, Century filed a motion for contempt alleging Brummett's actions violated the TRO. On April 28, 1986, the trial court denied Century's requests for a preliminary injunction and contempt order. Century then perfected this interlocutory appeal.

██ Originally, we dismissed Century's appeal as moot, 497 N.E.2d 264, due to the apparent expiration of the six month restrictive covenant. However, as Century now points out in its petition for rehearing, the employment agreement contains a clause which states: "The six (6) month period herein shall not begin to expire during any violation of the restrictive covenant or any other agreements contained herein." As this clause points out, the running of the six month period is tolled pending the resolution of Century's complaint that Brummett violated the restrictive covenant. Therefore, the issues Century appeals are not moot and we now address them accordingly.

## ISSUES

Century presents several issues for review which rephrased and renumbered are:

1. Whether the trial court erred in refusing to grant a preliminary injunction to enforce the restrictive covenant.

2. Whether the trial court erred in finding Brummett had not breached his agreement and in determining the TRO was overbroad and therefore unenforceable.

3. Whether the trial court erred in failing to address Brummett's alleged violation of the Indiana Trade Secrets Act, Indiana Code section 24–2–3–1 *et seq.*, which provides for injunctive relief where appropriate.

4. Whether the trial court erred in failing to find Brummett in contempt of court.

## DISCUSSION AND DECISION

### Issues One and Two

The grant or denial of a preliminary injunction rests within the sound discretion of the trial court. *College Life Insurance Co. v. Austin* (1984), Ind.App., 466 N.E.2d 738, 744; *Steenhoven v. College Life Insurance Co.* (1984), Ind.App., 458 N.E.2d 661, 664; *Wells v. Auberry* (1982), Ind. App., 429 N.E.2d 679, 682. This court will not interfere with the exercise of that discretion unless it is shown that the trial court's action was arbitrary or constituted a clear abuse of discretion. *College Life*, at 744; *Steenhoven*, at 664; *Wells*, at 682; *Mid-America Marketing, Inc. v. Falender Development Corp.* (1980), Ind.App., 406 N.E.2d 372, 377. The discretion to grant or deny preliminary injunctive relief is measured by several factors, including whether the plaintiff's remedies at law are inadequate thereby causing irreparable harm pending resolution of the substantive action if the injunction does not issue; whether the plaintiff has demonstrated at least a reasonable likelihood of success at trial by establishing a *prima facie* case; whether the threatened injury to the plaintiff outweighs the threatened harm the grant of the injunction would occasion upon the defendant; and whether by the grant of a preliminary injunction the public interest would be disserved. *College Life*, at 741–42; *Steenhoven*, at 664; *Wells*, at 682; *Mid-America*, at 377. In determining whether an abuse of discretion exists in the grant or denial of a preliminary injunction, this court is necessarily involved with a review of the trial court's findings of fact. *Steenhoven*, at 664–65; *Wells*, at 682. Whether such findings of fact are adequate

depends upon whether they are sufficient to disclose a valid basis under the issues for the legal result reached in the judgment and whether they are supported by evidence of probative value. *Steenhoven*, at 665. Such findings may not be set aside unless they are clearly erroneous. *College Life*, at 744; *Steenhoven*, at 665; *Wells*, at 682. If the findings are clearly erroneous, we must conclude that the lower court abused its discretion in granting the preliminary injunction. Finally, a court's power to issue a preliminary injunction should be used sparingly and such relief should not be granted except in rare instances in which the law and facts are clearly in the moving parties' favor. *College Life*, at 745; *Steenhoven*, at 667; *Wells*, at 682.

■ Similarly, covenants not to compete are in restraint of trade and are not favored by the law. *Harvest Insurance Agency, Inc. v. Inter-Ocean Insurance Co.* (1986), Ind., 492 N.E.2d 686, 688; *College Life*, at 744. They are strictly construed against the covenantee and enforced only if reasonable. *Harvest Insurance*, at 688. Reasonableness is dependent upon a consideration of duration, geographic area, and the interest sought to be protected. *College Life*, at 744. Employer-employee covenants are deemed reasonable only where the restraint is reasonably necessary to protect the employer, is not unreasonably restrictive of the employee, and is not against public policy. *Harvest Insurance*, at 688–89. The final determination of whether the covenant is reasonable is a question of law for the courts. *College Life*, at 744.

Century argues the trial court erred in refusing to grant a preliminary injunction to enforce the restrictive covenant. Century specifically alleges it was harmed because Brummett worked for a direct competitor, pages were missing from a confidential "exit print" which lists job applicants, Brummett filled two engineering positions for which Century also maintained a job order, and Brummett continued to contact Donald Ennis, a software specialist employed by Merchants National Bank, regarding potential job applicants. Thus, Century asserts a preliminary injunction was necessary to protect its interests.

However, Century has failed to demonstrate a factual situation of such a serious nature as to warrant injunctive relief. While Century suggested Brummett would not have been able to fill the engineering positions had he not retained information belonging to Century, Century did not prove Brummett had taken the "exit print" or disclosed any information concerning Century's list of job openings or candidates. Conversely, Brummett offered evidence that he learned of the job openings through advertisements in South Bend and Elkhart newspapers. In addition, Brummett previously was primarily responsible for the placement of engineers while working for Century. Century also argues Brummett violated the agreement because he had had contacted Ennis for referrals while employed by Century. Brummett maintained a social friendship with Donald Ennis over several years and also contacted him regarding potential job candidates. However, there is no evidence Ennis was a job applicant with Century or that Brummett had recruited him for an opening. There is also no evidence Brummett contacted Ennis regarding a position in one of the prohibited counties or that Brummett received information regarding potential applicants from the prohibited area.

■ As a general rule, an employer is not entitled to protection from an employee's use of his knowledge, skill, or general information acquired or increased through experience or instruction while in the employment. *Captain and Co., Inc. v. Towne* (1980), Ind.App., 404 N.E.2d 1159, 1162. The question becomes whether Century is merely attempting to prevent Brummett from using the skill and knowledge common to an experienced recruiter. In essence, Century is asking us to reweigh the evidence. Century is appealing from a negative judgment and, therefore, we will not reweigh the evidence or judge the credibility of witnesses. *Captain*, at 1163. Instead, only where the evidence is without

conflict and leads to but one conclusion and the trial court reached a contrary conclusion will the decision be disturbed as contrary to law. Here, there was sufficient evidence to support the trial court's decision. Given our standard of deference, we cannot say the trial court's findings are clearly erroneous.

 Nor was the trial court's decision that Brummett had not breached his agreement and that the TRO was overbroad clearly erroneous. The trial court found that the TRO was subject to different interpretations including one that would prohibit Brummett from working in any employment agency in the nation that maintained offices or contacts in the restricted counties. Thus, the trial court determined the TRO to be overly broad and found that Brummett had not breached this agreement. Clearly, Brummett's actions constitute an attempt to conform to one interpretation of the TRO and restrictive covenant. Moreover, in ruling on Brummett's motion for clarification, the trial court effectively extended the equivalent protection of the restrictive covenant and TRO to Century by requiring Brummett to operate in Frankfort and prohibiting him from engaging in *any* recruiting activity within the prohibited counties for six months following his employment with Resource Group. The trial court did not err in determining that the TRO was overbroad and that, in consequence, Brummett's actions were not in violation of the order. Furthermore, given Indiana's position on restrictive covenants and our deference to the trial court in determining the necessity of injunctive relief, the trial court did not err in refusing to grant Century's request for a preliminary injunction.

*Issue Three*

Century further asserts that the trial court erred in failing to address Brummett's alleged violation of the Indiana Trade Secrets Act which provides for injunctive relief. Indiana Code section 24–2–3–2 defines a "trade secret" as "information, including a formula, pattern, compila-

tion, program, device, method, technique, or process, that:

"(1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

(2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

Century asserts that its information falls under this definition and, therefore, the trial court erred in failing to provide injunctive relief.

 However, Century fails to meet the requirements warranting the protection provided by the Trade Secrets Act. The information Brummett used to fill the engineering positions after being employed by Resource Group was obtained through newspaper advertisements, readily ascertainable to the public. Moreover, Century fails to provide us with any other instance where Brummett used information which might remotely be construed as being available only to Century. Instead, Century merely asks us to assume that since Brummett now works for a competitor, and was once privy to some of Century's confidential information, he must necessarily be divulging that information to Resource Group. The request on Century's part merely asks us to reweigh evidence and believe their argument, which we cannot do. Furthermore, the Trade Secrets Act provides that "[a]ctual or threatened misappropriation *may* be enjoined." Indiana Code section 24–2–3–3 (emphasis supplied). Hence, the injunctive relief provided by the Act is discretionary, not mandatory. The trial court, therefore, did not err in refusing to address Century's claim regarding an alleged violation of the Trade Secrets Act.

*Issue Four*

 Finally, Century argues the trial court erred in failing to find Brummett in contempt of court for violating the TRO. As Century correctly points out, a defendant cannot argue that because an order is erroneous it may be disobeyed. *Jackson v.*

*Farmers State Bank* (1985), Ind.App., 481 N.E.2d 395, 402, *trans. denied.* However, as we have already noted, Brummett's actions amounted to but one possible interpretation of the overbroad TRO. Accordingly, the trial court found, and we agree, that Brummett was not acting in contempt of the TRO.

Century argues, however, that if the "blue pencil" doctrine is applied to the TRO, Brummett clearly violated the order by working for Resource Group. The process of redaction or "blue penciling" is employed only where a restrictive covenant is clearly separable into parts in order to preserve the reasonable parts and strike the unreasonable ones. *South Bend Consumers Club, Inc. v. United Consumers Club, Inc.* (D.C.Ind.1983), 572 F.Supp. 209, 214–15, *appeal dismissed* 742 F.2d 372; *see also Licocci v. Cardinal Associates, Inc.* (1983), Ind., 445 N.E.2d 556, 561. We do not find the "blue pencil" doctrine applicable to editing the trial court's TRO. Thus, the trial court did not err in refusing to find Brummett in contempt of court for violating the TRO.

The judgment of the trial court is affirmed.

ROBERTSON, P.J., and NEAL, J., concur.