## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 27 2019, 9:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Michael H. Michmerhuizen
Patrick G. Murphy
Barrett McNagny LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES

Shane C. Mulholland
Katherine R. Gould
Burt, Blee, Dixon, Sutton &
Bloom, LLP
Fort Wayne, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

SourceOne Group, LLC, and
Joy Denhouter,

*Appellants/Cross-Appellees-Defendants,*

v.

Ray Gage and Myers & Gage,
Inc. d/b/a Grabill Insurance
Center,

*Appellees/Cross-Appellants-Plaintiffs*

November 27, 2019

Court of Appeals Case No.
18A-PL-2153

Appeal from the Allen Superior
Court

The Honorable Craig J. Bobay,
Judge

Trial Court Cause No.
02D02-1704-PL-159

**Baker, Judge.**

[1] Ray Gage worked as an independent contractor for SourceOne Group, LLC (SourceOne), for many years, helping SourceOne retain its book of insurance business as well as providing services related to marketing, managing, and administering the insurance brokerage business. Included in Gage's employment contract was a non-solicitation provision, prohibiting him from soliciting business from SourceOne's customers for thirty months after the termination of his employment.

[2] Gage and Myers & Gage, Inc. d/b/a Grabill Insurance Center (Grabill) filed a complaint against SourceOne seeking, among other things, a declaratory judgment that the non-solicitation provision is unreasonable and unenforceable. Gage and Grabill then filed a motion for partial summary judgment on that issue. The trial court found that (1) SourceOne has a legitimate, protectable business interest, but also that (2) the thirty-month duration of the non-solicitation provision is unreasonable and unenforceable, ultimately granting partial summary judgment in favor of Gage and Grabill.

[3] SourceOne brings this interlocutory appeal of the order, arguing that the non-solicitation provision is reasonable and enforceable, and Gage and Grabill cross-appeal, arguing that SourceOne does not have a legitimate, protectable interest. Finding that the trial court properly found that SourceOne has a legitimate, protectable interest, but that it erred by finding that the non-solicitation provision is unreasonable and unenforceable, we reverse and remand with instructions to enter partial summary judgment in SourceOne's favor and for further proceedings.

## Facts

In December 2011, SourceOne and Gage entered into an Independent Contractor Agreement (the Contract). Pursuant to the Contract, Gage would work as an independent contractor and perform services for SourceOne, including the marketing, managing, and administering of SourceOne's property and casualty insurance brokerage business. Gage would also assist SourceOne in "retaining [its] book of business." Appellants' App. Vol. II p. 49. If Gage obtained leads on new business independently of SourceOne, he would be paid 100% of the resulting commissions, while any new business generated by a lead from SourceOne would remain SourceOne's property.

The initial term of the Contract was from December 2, 2011, to December 31, 2012. The Contract automatically renewed annually unless either party terminated it. Either Gage or SourceOne could have terminated the Contract with fifteen days of written notice to the other party.

In January 2012, SourceOne and Grabill entered into a Joint Marketing, Ownership, and Aggregation Agreement (the Joint Marketing Agreement), pursuant to which each party authorized the other to market and promote its services. To facilitate the implementation of that agreement, Gage became a part owner of SourceOne.

On April 14, 2017, Joy DenHouter, who was the managing member of SourceOne, issued notice to Gage that SourceOne intended to terminate the

Contract effective April 30, 2017.[1]  Upon termination, the Contract's Non-Solicitation Provision was triggered.  That contractual provision reads, in relevant part, as follows:

> [Gage] agrees that during [Gage's] employment with [SourceOne] and for a period of thirty (30) months after termination of the Agreement (whether voluntary or involuntary and regardless of the reason for termination):
>
> a.    [Gage] shall not in any way . . . , directly or indirectly through others, with respect to any service being offered by [SourceOne] and/or with respect to any line of insurance being provided by [SourceOne], sell to, solicit, contact, serve, cater to or accept any business from any person, firm, corporation, organization or other entity that is a customer (as defined below) of [SourceOne];
>
> b.    [Gage] shall not directly or indirectly contact, solicit, entice, induce, persuade, attempt to persuade or otherwise cause any customer . . . of [SourceOne] to terminate, reduce or diminish his, her or its relationship with [SourceOne], to refrain from doing business with or rendering services to [SourceOne], or do any act that may interfere with or result in an impairment of or adverse change to the relationship between [SourceOne] and its customer . . . .
>
> For purposes of this paragraph . . . , a "customer" includes any person, firm, corporation, organization or other entity to whom[] [SourceOne] . . . has provided services, for which an insurance

---

[1] Shortly thereafter, DenHouter also issued notice of SourceOne's intent to terminate the Joint Marketing Agreement.

contract has been in effect through or as a result of the services of [SourceOne] . . . at any time during [Gage's] employment with [SourceOne].

*Id.* at 52. In the next paragraph of the Contract, Gage explicitly agreed that those restrictions are reasonable:

> [Gage] agrees and acknowledges that the type and scope of restrictions described in [the Non-Solicitation Provision] are fair and reasonable and that the restrictions are intended to protect the legitimate interest of [SourceOne] and not to prevent [Gage] from earning a living. [Gage] represents and warrants that the knowledge, ability and skill [he] currently possesses are sufficient to enable [him] to earn a livelihood satisfactory to [Gage], in the event [Gage's] employment with [SourceOne] terminates, without violating any restriction in this Agreement.

*Id.* at 53.

[8] On April 28, 2017, Gage and Grabill filed a complaint against SourceOne, alleging multiple claims that are not relevant to this appeal. On June 19, 2017, Gage and Grabill filed an amended complaint that again alleged multiple claims and added a count seeking a declaratory judgment that the thirty-month duration of the Non-Solicitation Provision was overly broad and unenforceable.[2]

---

[2] In August and October 2017, respectively, Gage and Grabill filed second and third amended complaints, adding claims not relevant to this appeal. The third amended complaint asserted claims against DenHouter personally; she later moved to dismiss those claims.

[9]     On March 21, 2018, Gage and Grabill filed a motion for partial summary judgment, arguing that they were entitled to a declaratory judgment on the Non-Solicitation Provision as a matter of law. SourceOne responded, arguing that Gage and Grabill were not entitled to partial summary judgment and that, instead, the trial court should enter partial summary judgment in its favor. On July 26, 2018, the trial court entered an order granting Gage and Grabill's motion for partial summary judgment.[3] In relevant part, the trial court found as follows:

> . . . [During the time Gage worked as an independent contractor for SourceOne,] Gage had access to SourceOne's property, including leads for new business and SourceOne's current book of business. If it was not for [] Gage's independent contractor relationship with SourceOne, [] Gage would not have had access to such information. The Court therefore concludes that SourceOne has a legitimate protectable interest.

> ***

> The Non-Solicitation Provision as written only restricts [] Gage's solicitation of SourceOne's customers that SourceOne maintained a contract with during [] Gage's employment with SourceOne. As the proscribed activities only include customers of SourceOne *during* [] Gage's employment, the activities only include present customers and *not future customers*. The restriction of solicitation of present customers is not overly broad, and the

---

[3] The trial court also denied DenHouter's motion to dismiss the claims against her and struck the jury demand filed by SourceOne and DenHouter.

Court concludes that the Non-Solicitation Provision is not unreasonable in this respect.

*** 

. . . The Court concludes that, in light of the nature of SourceOne's protectable interest, thirty (30) months is unreasonable in terms of the time restriction on solicitation, and that the Non-Solicitation Provision is, therefore, unreasonable in this respect.

The Non-Solicitation Provision protects a legitimate interest of SourceOne, but the scope of the Non-Solicitation Provision is not reasonable in terms of time and activities prohibited. As a result, the Court concludes that the Non-Solicitation Provision is unreasonable and unenforceable as written.

*** 

. . . The Court cannot reduce the unreasonable time limitation within the Non-Solicitation Provision, as the Court cannot add terms to a contract that were not a part of the original agreement. The Court, therefore, concludes that the blue-pencil doctrine cannot be applied to insert a shorter, reasonable time restriction, and otherwise enforce the Non-Solicitation Provision. Thus, partial summary judgment in favor of [Gage and Grabill] is proper.

Appealed Order p 13, 15-19. (emphases original, internal citation omitted). SourceOne now brings this interlocutory appeal, and Gage and Grabill cross-appeal the trial court's conclusion that SourceOne has a legitimate, protectable interest at stake.

# Discussion and Decision

## I. Standard of Review and General Rules

[10] Our standard of review on summary judgment is well established:

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

[11] It is well settled that covenants not to compete are in restraint of trade and are not favored by the law in Indiana. *E.g.*, *Harvest Ins. Agency v. Inter-Ocean Ins. Co.*, 492 N.E.2d 686, 688 (Ind. 1986). While noncompete provisions will be construed strictly, they will be enforced if they are reasonable. *Cent. Ind. Podiatry, P.C. v. Krueger*, 882 N.E.2d 723, 729 (Ind. 2008). Whether a noncompete provision is reasonable is a question of law well suited for summary judgment. *Id.*

[12] Determining whether a particular covenant is reasonable depends on the facts and circumstances of the particular case. *Hahn v. Drees, Perugini & Co.*, 581

N.E.2d 457, 459 (Ind. Ct. App. 1991). A covenant not to compete will be found to be reasonable only when the restraint is necessary to protect the employer, is not unreasonably restrictive, and is not against public policy. *4408, Inc. v. Losure*, 175 Ind. App. 658, 659-60, 373 N.E.2d 899, 900 (1978).

[13] For a noncompete provision to be reasonable, the employer must first show that it protects a legitimate interest. *Krueger*, 882 N.E.2d at 729. Then, if that condition is satisfied, the trial court must determine whether the scope of the covenant is reasonable in terms of time, geography, and types of activity prohibited. *Id.* The employer must also demonstrate that the former employee has gained "a unique competitive advantage or ability to harm the employer before such employer is entitled to the protection of a noncompetition covenant . . . ." *Slisz v. Munzenreider Corp.*, 411 N.E.2d 700, 704 (Ind. Ct. App. 1980).[4]

## II. Legitimate Protectable Interest

[14] We turn first to Gage and Grabill's cross-appeal, as it concerns the first element that must be demonstrated to show that a non-competition provision is reasonable: whether the Non-Solicitation Provision relates to a legitimate, protectable interest of SourceOne.

---

[4] The general rules governing noncompete provisions apply to independent contractors in a principal-agent relationship just as they apply to employer-employee relationships. *Buffkin v. Glacier Grp.*, 997 N.E.2d 1, 10 (Ind. Ct. App. 2013).

[15] A legitimate, protectable interest "is an advantage possessed by an employer, the use of which by the employee after the end of the employment relationship would make it unfair to allow the employee to compete with the former employer." *Coates v. Heat Wagons, Inc.*, 942 N.E.2d 905, 913 (Ind. Ct. App. 2011) (internal quotation omitted). We have held that "goodwill, including secret or confidential information such as the names and addresses of customers and the advantage acquired through representative contact, is a legitimate protectable interest." *Buffkin*, 997 N.E.2d at 10-11.

[16] Gage and Grabill contend that the Contract's definition of "customer" is overly broad because it includes past customers with whom Gage may not have had any contact and in whom SourceOne has no protectable interest.

[17] The relevant facts related to this issue are undisputed; indeed, this issue turns solely on the language of the Non-Solicitation Provision and our interpretation thereof. Again, we note that the Contract defines "customer" as follows:

> any person, firm, corporation, organization or other entity to whom[] [SourceOne] . . . has provided services, for which an insurance contract has been in effect through or as a result of the services of [SourceOne] . . . at any time during [Gage's] employment with [SourceOne].

Appellants' App. Vol. II p. 52. In other words, the Non-Solicitation Provision applies to any SourceOne client who was a current client during Gage's tenure as an independent contractor.

[18] This Court has found unrestricted and vague terms contained in a noncompete provision to be overly broad and unenforceable. *See Sharvelle v. Magnante*, 836 N.E.2d 432, 440 (Ind. Ct. App. 2005) (term prohibiting former employee from soliciting "former, current or future" patients or employees was overly broad and unenforceable); *Seach v. Richards, Dieterle & Co.*, 439 N.E.2d 208, 213 (Ind. Ct. App. 1982) ("[t]he unrestricted use of the terms 'past' and 'prospective' clients is vague and over-broad; 'present' clients are a protectable interest").

[19] We find that the definition of "customer" in this case is far more limited than the terms at issue in *Sharvelle* or *Seach*. Initially, we note that the Contract's definition of "customer" is clearly not extended to SourceOne's future or prospective clients.[5] Moreover, to the extent the term relates to past clients, its application is limited only to those clients who were current SourceOne customers while Gage was working there. We find this limitation to be reasonable.

[20] Gage was retained as an independent contractor to, among other things, assist SourceOne in retaining its book of business. In other words, his role with the company encompassed SourceOne's entire book of business. Under these circumstances, we find that the definition of "customer" in the Non-Solicitation Provision was no broader than necessary to protect SourceOne's legitimate

---

[5] In their motion for partial summary judgment, Gage and Grabill argued that the definition of "customer" did include future clients, but they have abandoned that argument on appeal.

interest in its book of business. Therefore, the trial court did not err by finding that the definition of "customer" is not overly broad.

[21] Gage and Grabill also argue that Gage did not gain a unique competitive advantage to harm SourceOne as a result of his position as an independent contractor. An employee "should only be enjoined if he has gained some advantage at the employer's expense which would not be available to the general public." *Norlund v. Faust*, 675 N.E.2d 1142, 1154 (Ind. Ct. App. 1997), *clarified on reh'g*, 678 N.E.2d 421.

[22] According to Gage and Grabill, there is no evidence "that SourceOne's customer information was readily accessible by Gage. Even assuming Gage could have accessed this information as an owner, SourceOne did not designate evidence stating that Gage obtained or had specific knowledge of SourceOne's customer information." Appellees' Br. p. 13.

[23] We disagree. The Contract specified that Gage was being hired as an independent contractor to, among other things, work on the marketing, managing, and administering of SourceOne's insurance brokerage business, including assisting "in retaining [SourceOne's] book of business." Appellants' App. Vol. II p. 196. And Gage attested that he did, in fact, "perform[] services for SourceOne, including the marketing, managing, and adminstering [sic] of SourceOne's property and casualty insurance business." *Id.* at 204. In other words, the Contract explicitly states that Gage had access to SourceOne's entire book of business, which would necessarily include confidential customer

information.[6]  Therefore, we have little difficulty concluding that as a result of his position as an independent contractor for SourceOne, Gage gained a unique competitive advantage at SourceOne's expense that would not be available to the general public.[7]

[24]    In sum, the trial court did not err by finding that SourceOne has a legitimate, protectable interest at stake.  Likewise, Gage had a unique competitive advantage because of his access to that legitimate, protectable interest.  Consequently, we must next consider whether the restriction contained in the Non-Solicitation Provision is reasonable.

# III.  Reasonableness of Restriction

[25]    Generally, in determining the reasonableness of a restriction contained in a non-competition or non-solicitation provision, factors to be considered include the geographic and temporal limits on the restraint.  *E.g.*, *Norlund*, 675 N.E.2d at 1154.  Here, the only factor at issue is the temporal limit of the Non-Solicitation Provision, which is thirty months.

---

[6] Gage and Grabill maintain that "mere access" to the book of business is insufficient.  Cross-Appellants' Reply Br. p. 11.  They cite no authority for this proposition, however.

[7] Gage and Grabill argue that there is no evidence "that Gage used or exploited SourceOne's customer information for personal gain to the detriment of SourceOne or that Gage even availed himself of such property or information."  Cross-Appellants' Reply Br. p. 11.  This argument is a straw man, inasmuch as SourceOne is not required to make such a showing.  Instead, it need only establish that Gage gained a unique competitive advantage.

[26] In general, this Court and our Supreme Court have upheld non-competition and non-solicitation provisions with restrictions that remain in place for multiple years. *See Leatherman v. Mgmt. Advisors, Inc.*, 448 N.E.2d 1048, 1050 (Ind. 1983) (three years); *Buanno v. Weinraub*, 226 Ind. 557, 565, 81 N.E.2d 600, 603 (1948) (three years); *Norlund*, 675 N.E.2d at 1146 (two years); *Med. Specialists, Inc. v. Sleweon*, 652 N.E.2d 517, 523-24 (Ind. Ct. App. 1995) (two years); *Smart Corp. v. Grider*, 650 N.E.2d 80, 85 (Ind. Ct. App. 1995) (three years); *4408, Inc.*, 175 Ind. App. at 663-64, 373 N.E.2d at 902-03 (three years); *Miller v. Frankfort Bottle Gas, Inc.*, 136 Ind. App. 456, 459-60, 202 N.E.2d 395, 397 (1964) (five years); *Welcome Wagon, Inc. v. Haschert*, 125 Ind. App. 503, 509, 127 N.E.2d 103, 107 (1955) (five years).[8]

[27] In this case, the trial court relied on *Captain & Co., Inc. v. Towne* in concluding that thirty months is an unreasonable duration. 404 N.E.2d 1159 (Ind. Ct. App. 1980). We find *Captain* readily distinguishable from the matter at hand. In that case, Henry Towne was employed by Captain in the capacities of cleaner, laborer, part-time estimator, and manager of non-financial affairs of the company. After Towne left Captain and began employment with a general contracting firm, Captain sued for breach of a non-competition provision. That

---

[8] To the extent that Gage and Grabill appear to argue that because the majority of these cases applied to two-year provisions, there is a bright line drawn or a cap in place at two years, we disagree. None of the cases stand for that proposition. Instead, each case considers its own particular circumstances in determining reasonableness.

provision prohibited Towne from working in any business that was a competitor of Captain for two years.

[28] The *Captain* Court found, essentially, that Towne had not gained a unique competitive advantage through his employment:

> the only information which Towne had acquired was of a general nature. . . . He was not in possession of any trade secrets or customer lists. Any advantages, acquired through prior contact with insurance adjustors, were minimal because of the nature of the insurance claim business.

*Id.* at 1162 (internal footnote omitted). Based on these circumstances, this Court found that, "[w]hile the activities proscribed and the 50-mile restriction were not overly broad, we conclude that the two year restraint was unreasonable in view of the nature of the protectible interest." *Id.*

[29] In the case before us, on the other hand, Gage acquired far more than information of a general nature. He had access to SourceOne's entire book of business, and his role as independent contractor included a responsibility to retain that business, requiring marketing, managing, and "visiting the clients and working with them on issues as they may arise . . . ." Appellants' App. Vol. II p. 196. As a result of this role, Gage acquired a unique competitive advantage. Furthermore, unlike the complete prohibition on competition in *Captain*, in this case, Gage is only prohibited from *soliciting* SourceOne's customers—he is free to engage in his business and compete with his former employer as much as he desires, so long as he does not solicit its customers.

Moreover, under the terms of the Contract, while Gage was employed by SourceOne, any new business solicited and obtained by Gage (independent of SourceOne) was, and remains, his property. Finally, we note that, as a result of the Joint Marketing Agreement, Gage actually negotiated an ownership interest in SourceOne, meaning that there can be no concerns about unequal bargaining power.

[30] There is no evidence in the record indicating that, under the particular circumstances of this case, including Gage's competitive advantage and the nature of SourceOne's protectable interest, a thirty-month restraint is unreasonable. Consequently, we find that the trial court erred by granting partial summary judgment in favor of Gage and Grabill on this issue and by denying partial summary judgment to SourceOne.

[31] The judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions to enter partial summary judgment in SourceOne's favor and for further proceedings consistent with this opinion.

Kirsch, J., and Crone, J., concur.